**Jimmy Dean STANFIELD, Appellant,**

**v.**

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 16985.

Court of Civil Appeals of Texas.

Dallas.

Nov. 17, 1967.

Rehearing Denied Dec. 8, 1967.

Harold J. Fleming, Dallas, for appellant.

John Orvis, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

Jimmy Dean Stanfield instituted this action in the County Court of Dallas County at Law No. 4 seeking a trial *de novo* of an administrative order by the Texas Department of Public Safety suspending his automobile driver's license for a period of one year pursuant to Art. 6687b, Sec. 22(a), Vernon's Ann.Civ.St. of Texas. This appeal is from the summary judgment of the trial court dismissing Stanfield's suit for want of jurisdiction.

## FACTS

The facts are undisputed and the question to be resolved is one of law. Appellant was the holder of Texas Operator's

License No. 4372615, expiring on the 5th day of October, 1967. On October 4, 1966 the judge of the Corporation Court of Dallas, Dallas County, Texas, acting in administrative capacity and pursuant to specific authority of Art. 6687b, Sec 22(a), V.A.C.S., conducted a hearing and determined that the operator's license of appellant should be suspended for a period of twelve months.

The basis for the decision was that appellant was guilty of being an habitual violator of the traffic laws of the State of Texas. Such finding and recommendation was reported to the Texas Department of Public Safety. On October 13, 1966 the Texas Department of Public Safety rendered its "Order of Suspension", the essential portions thereof being set forth as follows:

### "ORDER OF SUSPENSION

"TO: Mr. Jimmy Dean Stanfield
211 North Hampton
Dallas, Texas

Operator's Lic. #4372615 (Exp. 7–5–67)
Not Surrendered

Commercial
Operator's Lic. _____
Chauffeur's Lic. _____

"THE JUDGMENT RENDERED ON October 4, 1966, BY THE JUDGE, Corporation Court, Dallas, Dallas County, Texas ORDERED ADJUDGED AND DECREED THAT YOUR LICENSES TO OPERATE A MOTOR VEHICLE BE SUSPENDED FOR A PERIOD OF 12 MONTHS.

"THEREFORE, pursuant to such judgment and acting under the authority vested in the Department of Public Safety by House Bill No. 20, Acts of the 47th Legislature, Regular Session (Article 6687b, Vernon's Annotated Texas Civil Statutes), IT IS ORDERED that your privilege to operate a motor vehicle upon the highways of this State and any and all Operator's, Commercial Operator's and Chauffeur's Licenses issued to you evidencing such privilege are hereby suspended for a period of twelve (12) months in this instance effective October 20, 1966.

"DEMAND IS HEREBY MADE for the surrender to the Department of any and all Operator's, Commercial Operator's and Chauffeur's Licenses issued to you, which licenses have not heretofore been surrendered. Failure to surrender licenses, or furnish an affidavit showing reason for failure, will make you subject to prosecution as provided for by law and explained on the reverse side.

"Dated at Austin, Texas, this 13th day of October 1966."

———◆———

Notice of the decision of the Department of Public Safety and a copy of the order were sent by certified mail to appellant on the same date of the order, and received by appellant on October 17, 1966.

Thereafter appellant filed his suit in the County Court of Dallas County at Law No. 4, on November 21, 1966 in which he sought to appeal from the Order of Suspension, such appeal being made pursuant to authority of Art. 6687b, Sections 22(c) and 31, V.A.C.S.

Appellee filed its motion for summary judgment in which it contended that the court lacked jurisdiction to hear and determine appellant's appeal because (1) such suit was filed more than thirty days from the decision and order of the Texas Department of Public Safety, and (2) the Department of Public Safety being an agency of the State of Texas the suit was unauthorized since the State cannot be sued without its consent. Appellant responded to the motion for summary judgment, contending that since his suit had been filed

within thirty days from October 20, 1966, the effective date of the suspension, such suit was timely filed pursuant to Sec. 31, Art. 6687b, V.A.C.S. Following a hearing the trial court entered an order sustaining appellee's motion for summary judgment reciting therein that the court was without jurisdiction to hear and determine same. Findings of fact and conclusions of law were filed in which it was found and concluded that the filing of the appeal more than thirty days from the final decision and Order of Suspension of the Department of Public Safety did not comply with the provisions of the law applicable to such appeals and therefore no jurisdiction was conferred upon the court. The court also concluded that since the State of Texas had not granted permission to be sued in this action appellant had no right to bring his cause into court.

## OPINION

■ The sole question for determination is whether the trial court acquired jurisdiction of the parties and subject matter of this suit. Was the filing of the suit more than thirty days after the date of the Order of Suspension but within thirty days of the effective date* of the Order of Suspension sufficient to comply with the terms and provisions of the applicable law relating to such appeals? We have been cited no Texas authority, nor have we been able to find any as a result of our research, specifically dealing with this particular statute. However, after careful consideration we have concluded that the filing of the suit was not within the time prescribed by the law and therefore the trial court was correct in disclaiming jurisdiction to hear appellant's appeal.

■ It is an established principle of law that the right to appeal from an administrative order to the courts is not a natural or inherent one but is one that may be granted or withheld at the discretion of the Legislature. Such right does not exist unless specifically granted by statute. Therefore, if the Legislature creates an administrative agency it may prescribe rules and regulations governing such body and the method by which the rights determined by such body shall be enforced. The Legislature may also prescribe for judicial review of administrative action and in such cases the method so prescribed must be followed in order to confer jurisdiction upon the court. City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788 (1951); Board of Equalization of City of Fort Worth v. McDonald, 133 Tex. 521, 129 S.W.2d 1135 (1939); Fire Department of City of Fort Worth v. City of Fort Worth, 147 Tex. 505, 217 S.W.2d 664 (1949); 1 Tex.Jur.2d, Administrative Law and Procedure, § 34, pp. 673–674, §§ 35 and 36, pp. 674–676; 2 Am.Jur.2d, Administrative Law, § 557.

The Legislature enacted Art. 6687b, Sec. 22 and Sec. 31, V.A.C.S., to grant authority to the Department of Public Safety, acting as an administrative agency of the state, to suspend or revoke driver's licenses and also providing rules for judicial appeal from such decision. Pursuant to Subdivision (a) of Sec. 22 it was provided that the Department was given authority to suspend driver's licenses for a period not to exceed one year and that in such event of suspension the licensee may appeal to the county court of the county wherein the hearing was held and that notice by registered mail to the address shown on the license of the licensee shall constitute service for the purpose of notice. Subdivision (c),

---

* The effective date recited in the Order of Suspension was October 20, 1966. Thirty days from that date would be November 19, which was a Saturday. November 20 was Sunday so November 21, 1966 was within the time as computed by Rule 4, Texas Rules of Civil Procedure, which provides that in computing any period of time prescribed if the last day be Saturday, Sunday or a legal holiday, the prescribed period runs until the end of the next day which is neither a Saturday, Sunday or legal holiday.

as originally enacted provided that any licensee who was not willing and did not consent to abide by the final ruling and decision of the Department suspending the license had the right, "within thirty (30) days after the date of receipt of notice of the suspension of such license from the Department", to bring suit in the county court, or county court at law, of his residence to vacate and set aside said ruling and decision suspending said license. This subdivision also provided that "If any licensee who is a party to *such final ruling and decision* of the Department fails within thirty (30) days to institute or prosecute a suit to set such suspension aside, then said *final ruling and decision* of the Department shall be binding upon all parties thereto." (Emphasis supplied.)

In 1965, pursuant to Acts of the 59th Legislature, page 1663, Chapter 717, § 2, Section 22(a) of the Act was amended in minor detail but the person whose license had been suspended by the Department was specifically given the right to appeal to the county court of the county wherein the hearing was held and that such appeal was to be tried *de novo*. Again notice by registered mail to the address shown on the license of the licensee was said to constitute service for the purpose of the Act.

The Legislature, in the same action, amended Subdivision (c), Section 22, of the Act and deleted therefrom the previous provision that the holder of the license may appeal by filing suit "within thirty (30) days after the date of receipt of notice of the suspension of such license from the Department." The material portions of Subdivision (c), of Section 22, as amended, read as follows:

"In all appeals prosecuted in any of the courts of this state pursuant to Section 22(a) or Section 31, such trials shall be de novo as that term is used and understood in appeals from Justice of the Peace Courts to County Courts. * * * Any such licensee as may bring suit to

vacate and set aside such *ruling and decision* shall send a copy thereof, certified to by the clerk of said court, to the Department by registered mail. If any licensee who is a party to such *final ruling and decision* of the Department fails *within thirty (30) days to institute or prosecute a suit to set such suspension aside, then said final ruling and decision of the Department shall be binding upon all parties thereto."* (Emphasis supplied.)

Section 31, Art. 6687b, V.A.C.S., entitled "Right of Appeal to Courts," contains the following material provisions:

"Any person denied a license or whose license has been cancelled or revoked by the Department except where such cancellation or revocation is automatic under the provisions of this Act shall have the right to file a petition *within thirty (30) days thereafter* for a hearing in the matter in the County Court at Law in the county wherein such person shall reside, * * *.

"Provided further in cases herein provided for suspension of license, the filing of the petition of appeal shall abate said suspension until the trial herein provided for shall have been consummated and final judgment thereon is had." (Emphasis supplied.)

It is quite evident that it was the intent of the Legislature, by the enactment of the 1965 amendment to Subdivision (c) of Section 22, to abolish the method of appeal by filing suit within thirty days from the date of notice of suspension. It is to be observed that the amendment to (c) retained the specific language relating to the "ruling and decision" and "final ruling and decision of the Department." In this subdivision as amended, the Legislature specifically said that if any licensee who is a party to "such final ruling and decision of the Department" fails within thirty days to institute or prosecute a suit to set "such suspension" aside, then such "final ruling and decision

of the Department" shall be binding. We think it is significant that the terms "final ruling and decision" are thus pinpointed. The words "such suspension" obviously refer to the "final ruling and decision of the Department." It is thereby apparent to us that the affirmative and overt act from which an appeal is taken is the "final ruling and decision of the Department" which contains terms relating to the suspension of the license.

Section 31 of the Act, dealing with right of appeal to courts, provides generally that any person denied a license or whose license has been suspended, cancelled or revoked, has the right to file a petition "within thirty days thereafter" for a hearing of the matter in the county court at law in the county wherein he shall reside. In determining what is meant by "within thirty days thereafter" it is necessary to refer back to the order of the administrative agency which is the specific thing in controversy. The appeal for judicial review must relate to the act of the administrative agency which is evidenced by its order declaring a suspension of the license. It is the affirmative order of the administrative agency, rather than some provision contained therein, which is the subject matter of appeal.

Appellant argues that the words "thirty days thereafter" as used in Section 31 of the statute in question refer to the effective date of suspension referred to in the order of the Department rather than the date of the order itself. In the light of the other language contained in the entire statute, recited above, which pinpoint the "final ruling and decision" of the Department as being the crucial act complained of, we are unable to agree with appellant's contention. Had the Legislature desired to provide that the time for appeal began on the effective date, rather than the actual date of the final order, it could and reasonably would have so stated in the Act. It did not do so.

While not dealing with the terms and provisions of the same statute as now under consideration we did have occasion to pass upon a similar contention in Oliveira v. Department of Public Safety, 309 S.W.2d 557 (Tex.Civ.App., Dallas 1958, no writ hist.). In that case we had under consideration Art. 6701h, Sec. 2(b), V.A.C.S., which provided that any order or act of the Department may be subject to review within ten days after notice thereof, by appeal to the county court at law. There the order of the Department was dated July 24, 1957 but contained a provision, such as here, that the suspension of license would be effective August 14, 1957. Oliveira filed his suit on July 31, 1957 and an attack was made on the jurisdiction of the court based upon the proposition advanced by the Department of Public Safety that the law allows an appeal to be made within ten days after said order is effective and since the appeal was filed before the effective date of said order such appeal was an illegal attempt to confer jurisdiction upon the court. In an opinion by Chief Justice Dixon we held that jurisdiction was conferred upon the court under the facts and circumstances presented and it was emphasized that the "act" referred to in the law was the order of the Department dated July 24, 1957 and not the effective date thereof. As was therein stated:

"It is plain from the record that the Department performed an 'act' on July 24, 1957 when it sent the notice to appellant. It is plain also that the express words of the statute provide for an appeal to the County Court at Law within ten days after the notice of the 'act,' not within ten days after the effective date of the order of suspension, as appellee contends.

"Moreover the language of the notice itself indicates that an order had already been made in regard to appellant's license, though the effective date of the suspension itself had been postponed to

August 14, 1957. For example, the notice contains these expressions: 'the below designated suspensions may be voided by depositing' etc.; 'Order of Suspension'; 'the following items are suspended * * *.' "

A somewhat similar contention as now advanced by appellant concerning the effective date of an administrative order was advanced in American Fruit Growers, Inc. v. Lewis D. Goldstein Fruit & Produce Corp., 78 F.Supp. 309 (Dist.Court, Eastern District, Pennsylvania 1948), which concerned an appeal from an order of the Secretary of Agriculture in a proceedings brought under the Perishable Agricultural Commodities Act of 1930. The order was dated the 6th day of August, 1947 but provided it was not effective until twenty days, and on September 8, 1947 more than thirty days after the order, appeal was filed in the United States District Court. Motion was made to dismiss the appeal because the court had no jurisdiction. The Act in question provided that parties adversely affected by the entry of an order of the Secretary might, within thirty days from and after the date of such order, appeal therefrom to the District Court of the United States. The party aggrieved contended that since the order itself provided that it would not become effective until twenty days after its date, the effective date was the critical date upon which appeal would be predicated under the Act in question. The court overruled this contention and held that the trial court had no jurisdiction to hear the appeal since it was the date of the order rather than the effective date thereof that controlled the filing of the appeal. The court said, inter alia:

"Even though an order of the Secretary is made effective subsequent to the date of the order it will not affect the running of the time in which an appeal might be taken to a Federal district court."

We think that a review of the Department's order in this case makes it quite evident that such order was a "final ruling and decision" as contemplated by law as being appealable. A final decision is one that leaves nothing open to dispute and there remains nothing unfinished or inconclusive. 1 Tex.Jur.2d, § 39, p. 678; Allen v. Crane, 257 S.W.2d 357 (Tex.Civ.App., San Antonio 1953). Being a final ruling and decision of the administrative agency, and being the overt act on the part of such agency which is subject to attack, we think it apparent that the date of such act or order is the critical time for the beginning of the running of the period of thirty days within which the aggrieved party has a right to file suit for judicial review. Accordingly, we hold that the trial court was correct in deciding that it did not acquire jurisdiction of this appeal by reason of the fact that appellant had not filed his suit within thirty days from the date of the order suspending the license.

Appellee's contention that the trial court lacked jurisdiction because the suit was one against an agency of the State of Texas and that the State cannot be sued without its express consent must be denied. This is so for the very obvious reason that the Legislature has, by the enactment of the law as set forth above, specifically granted such right to bring the suit.

We have carefully considered all of the appellant's points of error and find the same lacking in merit and must be overruled.

The judgment of the trial court is affirmed.