The **ATTORNEY GENERAL'S OFFICE on Behalf of the STATE of Texas, the State of Kentucky, and Donna D. Mitchell Roe, Appellants,**

v.

**Dan W. MITCHELL, Appellee.**

No. 05–90–01393–CV.

Court of Appeals of Texas, Dallas.

May 21, 1991.

Rehearing Denied July 18, 1991.

Mechthild Bernhard, Tod L. Adamson, Dallas, for appellants.

Richard E. Harrison, Dallas, for appellee.

Before ENOCH, C.J., and CHADICK[1] and CARVER,[2] JJ.

## OPINION

CARVER, Justice.

The Attorney General of Texas appeals a judgment in favor of Dan W. Mitchell arising under the Uniform Reciprocal Enforcement of Support Act (URESA).[3] Since Mitchell's complaint to the trial court was untimely under such Act, we set aside the trial court's judgment for lack of jurisdiction and dismiss Mitchell's complaint.

The record reflects that Mitchell was divorced in Kentucky and ordered to support his two minor daughters. In an URESA proceeding in the trial court, Mitchell's support was fixed at $70 per week, beginning August 2, 1985, plus $10 per week, beginning on the same date, toward an arrearage in support payments of $6,709.31. No review was sought of these findings and orders. Subsequently, upon a showing of delinquency, the clerk of the trial court issued a Writ of Withholding directing Mitchell's employer to withhold $363 per month from Mitchell's pay toward Mitchell's arrearage in child support. The writ was issued May 19, 1989, and executed by certified mail upon Mitchell's employer on May 24, 1989. On March 14, 1990, Mitchell filed a "Motion to Stay the Issuance and Delivery of Writ of Income Withholding." On July 24, 1990, Mitchell filed a "Motion to Set Aside Writ of Income Withholding." On August 7, 1990, the trial court entered its judgment which: (1) voided the prior writ of withholding; (2) required the Attorney General of the State of Texas to remit $5,808 plus interest; (3) taxed $3,000 attorney's fees to the Attorney General of the State of Texas to be paid to, or enforced

1. The Honorable T.C. Chadick, Justice, Retired, Supreme Court of Texas, sitting by assignment.

2. The Honorable Spencer Carver, Justice, Retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

3. Tex.Fam.Code Ann. § 21.01 et seq. (Vernon Supp.1991).

by, Mitchell's attorney; and (4) assessed all costs to the Attorney General of the State of Texas. This appeal followed.

The Attorney General's first, and dispositive, complaint urges that since Mitchell did not challenge his delinquency, urged in support of the writ of withholding, within ten days, or challenge the writ of withholding itself within thirty days, as provided in section 14.44 of the Texas Family Code, then the complaint filed by Mitchell failed to invoke the jurisdiction of the trial court so as to permit any relief to Mitchell. We agree.

We set out the pertinent sections of the Family Code relating to remedies for arrearage in child support and for judicial review of those remedies:

Withholding From Earnings for Child Support

(a) Duty of Court to Order Income Withholding. Except for good cause shown ... the court shall enter an order that provides that income be withheld from the disposable earnings of the obligor:

\*　　\*　　\*　　\*　　\*　　\*

2. on motion to require income withholding regarding a child support order entered before the effective date of this subchapter; provided that at the time the motion is filed the obligor is shown to have been in arrears for a time period of at least 30 days for some portion of the amount due and in arrears for an amount equal to or greater than that due for a one-month period;

\*　　\*　　\*　　\*　　\*　　\*

(d) Withholding for Arrearages. In addition to income withheld for the current support of a child, in appropriate circumstances ... the court shall enter an order that income be withheld from the disposable earnings of the obligor to be applied toward the liquidation of any child support arrearages.

Tex.Fam.Code Ann. § 14.43 (Vernon Supp. 1991).

Notice of Delinquency in Court–Ordered Child Support

(a) Notice of Delinquency. A proceeding may be initiated under Part D of Title IV of the federal Social Security Act, as amended (42 U.S.C. Section 651 et seq.), if a delinquency allegedly occurs in any previously ordered child support in an amount equal to or greater than the total support due for one month.... The attorney general shall prepare and file with the court of continuing jurisdiction a verified notice of delinquency and deliver notice of delinquency to the obligor by hand delivery by a person designated by the attorney general or by first class or certified mail, return receipt requested, addressed to his last known address or place of employment.

(b) Contents of Notice. The notice of delinquency to the obligor shall:

\*　　\*　　\*　　\*　　\*　　\*

(3) contain a statement that *if the obligor does not contest the withholding within 10 days* after the receipt of the notice of delinquency, the obligor's employer will be notified to begin the withholding;

(4) describe the procedures for contesting the issuance and delivery of a writ of withholding;

(5) contain a statement that if the obligor contests the withholding, he will be afforded an opportunity to present his case to the court within 30 days of receipt of the notice of contest;

\*　　\*　　\*　　\*　　\*　　\*

(c) Staying Issuance and Delivery of a Writ of Income Withholding. The obligor may *stay* the issuance and delivery of a writ of income withholding on his current or subsequent employer *by filing a motion to stay issuance and delivery* with the clerk of court with jurisdiction of the matter *within 10 days* of the date that the notice of delinquency is received by him....

(d) Hearing on Contested Delinquency. When a motion to stay issuance and delivery has been filed, a hearing on the motion must be held within 30 days of its filing.

\*　　\*　　\*　　\*　　\*　　\*

(e) Failure to Receive Notice of Delinquency. *Within 30 days* after the effective date of a writ of withholding on the obligor's employer, the *obligor may file an affidavit* with the court that a motion to stay issuance and delivery was not timely filed *because the notice of delinquency was not received* and that grounds exist for a motion to stay issuance and delivery as stated in Subsection (c) of this section. Concurrently, the obligor may file a motion to withdraw the writ of income withholding and to hold the hearing provided by Subsection (d) of this section and by Section 14.43 of this code.

\* \* \* \* \* \*

TEX.FAM.CODE ANN. § 14.44 (Vernon Supp. 1991) (emphasis added).

Writ of Withholding From Earnings for Child Support

(a) Issuance and Delivery. No sooner than 20 days following the mailing of a notice of delinquency to the obligor by first class mail ... if no motion to stay issuance of the writ has been filed the attorney general shall file a request with the clerk of court to issue a writ of income withholding. The writ shall be issued by the clerk and delivered by certified mail, return receipt requested, to the employer of the obligor.

TEX.FAM.CODE ANN. § 14.45 (Vernon Supp. 1991).

Mitchell failed to seek review of his delinquency within ten days and failed to seek review of the withholding (should he not have received notice of his delinquincy) within thirty days. Some months beyond the time permitted by statute, Mitchell's Motion to Stay urged that the amount of overdue support (arrearage) was incorrect. Some additional months later Mitchell's Motion to Set Aside Writ of Income Withholding urged that notice of the writ did not comply with the requirements of section 14.44 of the Texas Family Code, the amounts alleged in the Writ of Withholding were incorrect, and the Attorney General of the State of Texas failed to properly investigate the facts concerning the matter before having a writ improperly issued.

Mitchell, in his late filings, also urged that his earnings were exempt from child support, that the Attorney General should account for all funds received, and that his attorney's fees should be paid by the Attorney General. We conclude that each issue should have been raised either within ten days of the delinquency asserted to support the issuance of the writ or within thirty days of the issuance of the writ itself. Mitchell's failure to *timely* seek judicial review under these statutory opportunities, bars his *untimely* complaints from being heard. *See Texas Alcoholic Beverage Comm'n v. Sfair*, 786 S.W.2d 26, 28 (Tex. App.—San Antonio 1990, writ denied).

*Sfair* involved a liquor license suspension unchallenged by petition to a court within thirty days as provided by statute. While Sfair's delay was "undoubtedly brought on by the actions taken by the Commission in *sua sponte* granting a rehearing and setting a new hearing date," the appellate court held that the district court had no jurisdiction to entertain the Sfairs' appeal. Since the district court's jurisdiction was not invoked to review the Commission's order, the Commission's order remained effective. *Sfair*, 786 S.W.2d at 27–28.

Likewise, where a trial court entertained a late-filed review of a driver's license suspension, the appellate court held:

It is an established principle of law that the right to appeal from an administrative order to the courts is not a natural or inherent one but is one that may be granted or withheld at the discretion of the Legislature. Such right does not exist unless specifically granted by statute.... The Legislature may also prescribe for judicial review of administrative action and in such cases the *method so prescribed must be followed in order to confer jurisdiction upon the court.*

*Stanfield v. Texas Dep't of Pub. Safety*, 422 S.W.2d 14, 17 (Tex.Civ.App.—Dallas 1967, writ ref'd n.r.e.) (emphasis added).

■ We hold that, upon these authorities, adequacy of Mitchell's notice of his delinquency was an administrative determination reviewable by the court *only* if Mitchell timely sought judicial review, and

since no review was timely sought, the determination remained effective. No jurisdiction could thereafter be conferred upon a court to review his delinquency.

 We further hold that the issuance of the writ of withholding in aid of collection of an unchallenged delinquency was an administrative act reviewable by the court *only* if Mitchell timely sought judicial review. Since review was not timely sought, Mitchell did not pursue the method so prescribed in order to confer jurisdiction upon the trial court.

We vacate the order entered by the trial court. Mitchell's complaints are dismissed for want of jurisdiction and all costs assessed in this Court and in the trial court are imposed against Dan W. Mitchell.