In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00361-CV
____________

ROGER K. GLASS, Appellant

V.

PATRICIA WILLIAMSON, Appellee




On Appeal from the 308th District Court
Harris County, Texas
Trial Court Cause No. 99-55555







OPINION ON REHEARING
          We issued our opinion in this appeal on July 10, 2003, in which we reversed
and rendered the trial court’s judgment in favor of appellee. Appellee filed a motion
for rehearing in this Court on August 11, 2003. We grant appellee’s motion for
rehearing, vacate and withdraw the Court’s prior opinion and judgment of July 10,
2001, and issue this opinion and judgment in their stead. We affirm in part and
reverse and remand in part.
Procedural Background
          This is an appeal from a cumulative money judgment for child-support
arrearages in the amount of $276,450.85 entered against appellant Roger K. Glass
(husband) in favor of appellee Patricia Williamson (wife).


 In three points of error,
husband contends the trial court erred because (1) it did not issue findings of fact and
conclusions of law, (2) it enforced a decree that was ambiguous, and (3) it awarded
child support in the amount of $43 per week per child.
Background
          On April 7, 1980, a final decree of divorce was entered in Wayne County,
Michigan dissolving the marriage between husband and wife and ordering husband
to pay wife child support for his three children. The relevant language of the decree
(support order) states as follows: 
[Husband] shall pay the sum of [f]orty-three ($43.00)
[d]ollars, per week, in advance, to the Office of the Friend
of the Court, as and for the support and maintenance of
each of the minor children until the children shall
respectively attain the age of eighteen (18) years or until
the further [o]rder of the Court. 
 
The clerk’s record reflects that wife filed the following documents on November 3,
1999: (1) a notice of registration of foreign support order, (2) a notice of application
for judicial writ of withholding, and (3) a certificate of delivery of the notice of
application for judicial writ of withholding. Husband filed his motion to stay
issuance of writ of withholding on December 14, 1999. Wife then filed a motion for
cumulative judgment of child support arrears and a petition for suspension of licenses
for failure to pay child support on August 9, 2001. On December 21, 2001, wife filed
a supplemental motion for cumulative judgment of child support arrears and petition
for suspension of licenses for failure to pay child support. The trial court entered a
cumulative money judgment in the amount of $276,450.85 against husband on
December 31, 2001.
Jurisdiction
          On rehearing, wife contends that the trial court was without jurisdiction to
consider husband’s contest of the amount of arrearages reflected in the application
for judicial writ of withholding, because he failed to timely file his motion to stay
issuance of writ of withholding as required by Tex. Fam. Code Ann. § 158.307(a)
(Vernon 2002).
          Section 158.307 requires that an obligor file a motion to stay within ten days
after receipt of the obligee’s application for judicial writ of withholding. Id. Wife
contends she filed the notice of application for writ of judicial withholding on
November 3, 1999, and perfected service on husband by sending the document to
husband’s address by first class mail pursuant to Tex. Fam. Code Ann. § 158.306
(Vernon 2002). Assuming without deciding these facts, husband had, pursuant to
Tex. Fam. Code Ann. § 158.306 (Vernon 2002) and Tex. Fam. Code Ann. §
158.307 (Vernon 2002), at the maximum, 20 days from the date wife mailed the
notice to contest the application. Because more than 20 days elapsed from when wife
mailed the notice, she argues that the trial court was without jurisdiction to consider
whether the amounts reflected in the notice of application for writ of judicial
withholding were incorrect. We disagree.
          In Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 76 (Tex. 2000), the Texas
Supreme Court overruled Mingus v. Wadley, 285 S.W. 1084, to the extent that
Mingus characterized a plaintiff’s failure to establish a statutory prerequisite as
jurisdictional. Dubai, 12 S.W.3d at 74. After Dubai was decided, it was no longer
permissible to characterize a party’s failure to establish a statutory prerequisite as a
jurisdictional defect. Id. at 76. The focus shifted from whether or not the district
court had subject matter jurisdiction to decide the issue to whether or not the party
requesting relief was entitled to the relief sought. Id. at 76-77.
          Husband’s failure to adhere to the procedural requirements of Tex. Fam. Code
Ann. § 158.307 (Vernon 2002) did not divest the district court of subject matter
jurisdiction, but instead, only raised the issue of whether husband was entitled to the
relief he sought. Dubai, 12 S.W.3d at 76-77. Furthermore, because only the issue of
whether husband was entitled to the relief sought was raised, husband’s right to
object to wife’s failure could be waived. See Tullos v. Eaton Corp., 695 S.W.2d 568,
568 (Tex. 1985) (complaint that the trial court lacked subject matter jurisdiction
raises fundamental error and therefore may be made at any time on appeal); Mann v.
Ramirez, 905 S.W.2d 275, 278-79 (Tex. App.—San Antonio 1995, writ denied)
(finding point of error raised on appeal did not amount to fundamental error,
determination made as to whether point of error was waived). 
          Attorney General v. Mitchell, 819 S.W.2d 556 (Tex. App.—Dallas 1991, no
writ), on which wife relies, is distinguishable from the present case in two ways. 
First, Mitchell, decided prior to Dubai, is based on overruled supreme court
precedent. Second, the decision in Mitchell was based on an analogy to
administrative adjudications by the Texas Alcoholic Beverage Commission and the
Texas Department of Public Safety. Mitchell, 819 S.W.2d at 559 (discussing Texas
Alcoholic Beverage Comm'n v. Sfair, 786 S.W.2d 26, 28 (Tex. App.—San Antonio
1990, writ denied) and Stanfield v. Texas Dep't of Pub. Safety, 422 S.W.2d 14, 17
(Tex. Civ. App.—Dallas 1967, writ ref'd n.r.e.)). We decline to employ the same
analogy; contrary to the decisions relied upon in Mitchell, there was no hearing or
other adjudication by a decision-making administrative body with respect to the
alleged arrears reflected in wife’s notice of application for judicial writ of
withholding.
          We hold that by failing to object to husband’s failure to comply with the
procedural requirements of Section 158 of the Texas Family Code, wife waived the
right to assert that husband was not entitled to contest the amount of arrearages
reflected in the notice of application for writ of judicial withholding. Because the
trial court had subject matter jurisdiction to decide this dispute, we turn to the merits
of the appeal.
Findings of Facts and Conclusions of Law
          In his first point of error, husband contends that he was harmed by the trial
court’s denial of his request for findings of fact and conclusions of law. Husband
timely filed a request for findings of fact and conclusions of law pursuant to Rule 296
of the Rules of Civil Procedure. Tex. R. Civ. P. 296. He then timely filed a notice
of past due findings of fact and conclusions of law pursuant to Rule 297 of the Rules
of Civil Procedure. Tex. R. Civ. P. 297. The trial court did not file any findings of
facts or conclusions of law.
          When properly and timely requested, the trial court has a mandatory duty to file
findings of facts and conclusions of law. Cherne Indus. v. Magallanes, 763 S.W.2d
768, 772 (Tex. 1989). If the trial court ignores this duty, “harm to the complaining
party is presumed unless the contrary appears on the face of the record.” Tenery v.
Tenery, 932 S.W.2d 29, 30 (Tex. 1996).
          The record affirmatively shows that husband suffered no harm from the denial
of his request for findings of fact and conclusions of law. The only issue before the
trial court was a question of law, i.e. the interpretation of the support order in the
divorce decree. The following undisputed evidence was admitted: (1) the 1980
divorce decree, (2) a copy of rule 3.211(E) of the Michigan Court Rules regarding the
requirements of a judgment awarding child support, and (3) a table that outlined (a)
the date child support payments were due (b) the amount of interest accrued, and (c)
the total amount outstanding, $276,450.85. The trial court entered a cumulative
money judgment in this amount against husband.
          Where, as here, the facts are undisputed and the only matters presented on
appeal are legal issues to be reviewed de novo, the failure to file findings of fact and
conclusions of law is harmless error. Off. of the Att’y Gen. of Tex. v. Wilson, 24
S.W.3d 902, 905 (Tex. App.—Dallas 2000, no pet.). We overrule husband’s first
point of error.
Ambiguous Decree 
          In his second point of error, husband contends that because the Michigan
support order is vague, ambiguous, and indefinite, it is unenforceable. Specifically,
husband makes two arguments: the support order is ambiguous (1) as to when the
payments were to commence and (2) as to their amount.
Ambiguous Start Date
          Husband contends that the Michigan support order is ambiguous, indefinite,
and uncertain with respect to its start date, and will therefore not support a judgment
for arrearages. Husband failed to plead or argue to the trial court that the support
order was ambiguous as to its start date. Furthermore, husband failed to specifically
ask the trial court for any finding regarding whether the support order was ambiguous
as to its start date. Finally, he did not raise the issue in his motion for new trial. We
hold that husband waived this issue because he first raised it on appeal. Tex. R. App.
P. 33.1; Castillo v. Neely's TBA Dealer Supply, Inc., 776 S.W.2d 290, 292-94 (Tex.
App.—Houston [1st Dist.] 1989 writ denied).
Ambiguous Amount
          Husband contends that the support order is ambiguous with respect to the
amount he is to pay because the language is susceptible of two reasonable
interpretations. As hereinbefore set out, the relevant language of the decree is as
follows:
[Husband] shall pay the sum of [f]orty-three ($43.00)
[d]ollars, per week, in advance, to the Office of the Friend
of the Court, as and for the support and maintenance of
each of the minor children until the children shall
respectively attain the age of eighteen (18) years or until
the further [o]rder of the Court. 
 
          Emphasizing the use of the word “sum,” husband argues that the language of
the Michigan support order could be interpreted to mean that he was obligated to pay
either $43 per week or $43 per week, per child. By contrast, stressing the use of the
word “each,” wife argues that the above language should be interpreted to mean that
husband was obligated to pay $43 per week, per child. 
          Wife contends that there is no ambiguity in light of rule 3.211(E) of the
Michigan Court Rules. Rule 3.211(E) provides, in relevant part, that “a judgment or
order awarding child support also must (1) specify the amount of support both at the
time of judgment and as the number of children for whom there is a support
obligation decreases.” We disagree that this rule renders the order susceptible of only
one interpretation. 
          In the alternative, wife contends that husband cannot prove any of the defenses
outlined in section 159.607 of the Family Code, and, therefore, the trial court’s
judgment should be affirmed. We agree with wife that husband is foreclosed from
raising Section 159.607 defenses, but we do not agree that such foreclosure requires
affirmance of the trial court’s judgment.
          Section 159.607 provides:
(a) A party contesting the validity or enforcement of a
registered order or seeking to vacate the registration has the
burden of proving one or more of the following defenses:
(1)the issuing tribunal lacked personal jurisdiction
over the contesting party;
          (2) the order was obtained by fraud;
(3)the order has been vacated, suspended, or
modified by a later order;
(4)the issuing tribunal has stayed the order pending
appeal;
(5)there is a defense under the law of this state to
the remedy sought;
          (6) full or partial payment has been made; or
(7)the statute of limitation under Section 159.604
precludes enforcement of some or all of the
arrearages.
 
Tex. Fam. Code Ann. § 159.607 (Vernon 2002) (emphasis added).
          On November 3, 1999, wife filed her notice of registration of the Michigan
support order pursuant to Subchapter G of the Texas Family Code. In order to contest
the validity or enforcement of the Michigan support order, husband was, pursuant to
Sections 159.605 and 159.606, required to request a hearing within twenty days after
notice of the registration. The record does not reflect that husband complied with this
requirement, and the order was, therefore, confirmed by operation of law. Tex. Fam.
Code Ann. § 159.606(b) (Vernon 2002); In Interest of Kuykendall, 957 S.W.2d 907,
908-09 (Tex. App.—Texarkana 1997, no pet.). We hold that because husband failed
to comply with Sections 159.605 and 159.606 of the Texas Family Code, the
Michigan decree was confirmed by operation of law, and husband’s failure precluded
him from raising any defense under Section 159.607. Tex. Fam. Code Ann. §
159.606(b) (Vernon 2002). Our inquiry does not stop here, however.
          Faced with a final judgment to be enforced, we must ascertain its meaning, and
interpret what obligations the support order imposed upon husband.      We must
determine whether the support order was sufficiently definite and certain to support
a money judgment in the amount of $276,450.85. Gross v. Gross, 808 S.W.2d 215,
219 (Tex. App.—Houston [14th Dist.] 1991, no writ). The trial court’s judgment of
$276,450.85 demonstrates that it interpreted the support order to order child support
payments in the amount of $43 per week per child. While we agree the support order
is susceptible to that interpretation, we cannot agree that such interpretation is
exclusive, and therefore unambiguous.
          There is no dispute regarding whether husband was ordered to pay child
support for his children. The only dispute is the amount he was ordered to pay. 
Under either interpretation urged by the parties, the support order required husband
to pay at least $43 per week. Because husband never moved to clarify his obligation
under the Michigan support order, he can not now complain that it is too ambiguous,
indefinite, and uncertain to support a money judgment. Id.; Tex. Fam. Code Ann.
§ 157.421 (Vernon 2002) (court may clarify order not specific enough to be enforced
by contempt). We hold that the support order was sufficiently definite and certain to
support a money judgment in the total amount of $43 per week in child support.
Conclusion
          We reverse the portions of the trial court’s judgment that pertain to the amount
of child support arrearages and interest calculated on those arrearages, and remand
with instructions that the trial court recalculate child support arrearages and interest. 
Child support arrearages should be recalculated at the rate of $43 per week in child
support as opposed to $43 per week per child. Interest should be recalculated based
upon the recalculated amount of child support arrearages. The trial court is to enter
a judgment for recalculated child support arrearages and interest. We affirm the trial
court’s judgment in all other respects.
 
 

                                                   Adele Hedges
                                                   Justice

Panel consists of Justices Nuchia, Keyes, and Hedges.