**BONNIE BLUE, INC. and Bonnie Blue, Ltd., Appellants**

**v.**

**Jane Mathias REICHENSTEIN, as Executor of the Estate of Jacob Maximilian Reichenstein, Jr. Deceased, Ruth Reichenstein Sielaff, and Robert L. Bedell, Successor Trustee for Frances Reichenstein Bedell Under the Will of J.M. Reichenstein, Deceased, Appellees.**

No. 05–02–01844–CV.

Court of Appeals of Texas, Dallas.

Feb. 5, 2004.

Robert C. Wendland, Sewell & Anderson, L.L.P., Dallas, for appellants.

Neal M. Nagely, Thomas S. Hoekstra, Godwin Gruber, L.L.P., Dallas, for appellees.

Before Justices MOSELEY, RICHTER, and FRANCIS.

## OPINION

Opinion by Justice FRANCIS.

Bonnie Blue Inc. and Bonnie Blue, Ltd. filed this lawsuit against appellees to recover the costs associated with their cleanup and removal of certain hazardous waste on property previously owned by J.M. Reichenstein, Jr., Frances R. Bedell, Ruth Sielaff, and Robert L. Bedell, Trustee of Frances R. Bedell Trust (Reichensteins). Appellants asserted a claim under the Solid Waste Disposal Act (SWDA) as well as a common law contribution and indemnity claim. The trial court granted a take-nothing summary judgment in favor of appellees based on a purported "as is" clause in the real estate sales contract between the Reichensteins and T.D. Corporation, whose successor in interest later sold the property to Bonnie Blue, Inc. We affirm the trial court's judgment in part and reverse in part and remand for further proceedings consistent with this opinion.

This matter concerns a 1.5–acre tract of land located in Dallas County, Texas. From 1964 to 1982, some or all of the Reichensteins operated a wood preserving business on the property utilizing an underground storage tank, a concrete sump, and a steel vat containing wood preserving chemicals. In 1982, the Reichensteins sold the property to T.D. Corporation. Pre-printed paragraph 8 of the sales contract between the Reichensteins and T.D. Corporation contained the following provision:

Purchaser acknowledges that he has inspected all buildings and improvements situated on the property and is thoroughly familiar with their condition, and Purchaser hereby accepts the property and the buildings and improvements situated thereon, in their present condition, with such changes therein as may

hereafter be caused by reasonable deterioration.

Bonnie Blue, Inc. purchased the property in 1991 from Rex–Tex Equipment Company, the successor in interest to T.D. Corporation. In 1999, after discovering environmental contamination, appellants entered the property into the Texas Voluntary Cleanup Program, and the underground storage tank, concrete sump, steel vat, and contaminated soil were removed. Appellants then filed this cost recovery action asserting a claim under the SWDA and a common law contribution and indemnity claim.

Appellees moved for and were granted summary judgment on the ground that paragraph 8 of the sales contract between the Reichensteins and T.D. Corporation was an "as is" clause that barred appellants' claims. On appeal, appellants argue the trial court erred in granting summary judgment because (1) paragraph 8 is not an "as is" clause, (2) they were not parties to the Reichenstein/T.D. Corporation sales contract, and (3) paragraph 8 does not preclude their SWDA claim.

This Court reviews a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Foreness v. Hexamer*, 971 S.W.2d 525, 527 (Tex.App.-Dallas 1997, pet. denied). When reviewing a traditional summary judgment, we apply well-known standards. *See* Tex.R. Civ. P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex.1993); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). The party moving for summary judgment has the burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972).

■ Appellants first argue that paragraph 8 is not an "as is" agreement and they are not bound by the contract containing the "as is" provision.

■ Texas Rule of Appellate Procedure 38.1(h) requires appellants' arguments to be supported by appropriate citations to authorities and the record. Tex.R.App. P. 38.1(h). Failure to cite any authority constitutes a waiver of the alleged error. *Kang v. Hyundai Corp.(USA)*, 992 S.W.2d 499, 503 (Tex.App.-Dallas 1999, no pet.). Appellants have not cited a single authority in support of the position that paragraph 8 is not an "as is" clause. That portion of appellants' argument asserting they are not bound by the purported "as is" clause contains only two case citations, and neither addresses this particular issue. Any error based on these arguments is waived.

Appellants contend that even if paragraph 8 constitutes an "as is" provision by which they are bound, it still does not bar their claim under the SWDA. No Texas case specifically addresses the effect of an "as is" provision on a contribution claim under the SWDA. Appellees contend the holding in *Prudential Insurance Co. v. Jefferson Associates, Ltd.*, 896 S.W.2d 156, 161 (Tex.1995) compels a ruling that appellants' SWDA claim is barred by paragraph 8. We disagree.

In *Prudential*, the buyer of a commercial building sued the seller for damages alleging it misrepresented the condition of the building and failed to disclose the building contained asbestos, a condition that lowered its value. The court held that an "as is" clause in the sales contract between the parties barred the buyer's claims for fraud, DTPA, negligence, and breach of good faith and fair dealing by precluding it from proving the seller's conduct caused it any harm. *Id.* at 161. Unlike the buyer in *Prudential*, appellants

have not filed a damages lawsuit based on misrepresentations or a failure to disclose. Instead, they have presented a statutory contribution claim for environmental cleanup costs. The causation issues which were dispositive in *Prudential* do not exist in the case before us.

■■■ The SWDA was intended to facilitate and encourage the prompt cleanup of solid waste and to "force those responsible for creating hazardous waste problems to bear the cost of their action." *R.R. Street & Co. v. Pilgrim Enter.*, 81 S.W.3d 276, 291 (Tex.App.-Houston [1st Dist.] 2001, no pet.). Section 361.344 of the SWDA authorizes appellants to recover an equitable share of the costs of remediation from other "responsible persons" as defined by the statute. *See* TEX. HEALTH & SAFETY CODE ANN. § 361.344 (Vernon 2001); *R.R. Street & Co.*, 81 S.W.3d at 286. To prevail on a cost recovery claim under the SWDA, appellants must simply show (1) the defendant is a "person responsible" for solid waste as defined in section 361.271; (2) the TNRCC commission approved appellant's remedial or removal action; (3) the remedial or removal action is necessary to address a release or threatened release of a solid waste into the environment; (4) the costs of the action are reasonable and necessary, and (5) they made reasonable attempts to notify the defendant of the release and their intended cleanup. *Id.* at 288. The first requirement may be satisfied by merely proving appellees "owned or operated a solid waste facility at the time of processing, storage, or disposal of any solid waste." *See* TEX. HEALTH & SAFETYCODE ANN. § 361.271(a)(2) (Vernon 2001). Assuming all of these elements are satisfied, the trial court then apportions the costs of the remedial or removal action among those persons responsible by utilizing the criteria listed in section 361.343. *See R.R. Street & Co.*, 81 S.W.3d at 288.

■■ After reviewing the SWDA's applicable provisions and considering the legislative purpose in enacting the SWDA, we conclude the holding of *Prudential* is inapposite to the circumstances presented and that the purported "as is" clause of paragraph 8 does not bar appellants' statutory contribution claim. Unlike *Prudential* where causation was required to establish the seller's liability, the statute here clearly intends to hold those responsible for hazardous waste liable for their fair share of the cleanup costs without the need to establish causation. Allowing an otherwise "responsible party" to avoid liability based on paragraph 8 would clearly circumvent both the intent and language of the statute.

In reaching this conclusion, we acknowledge appellees' contention that various courts have held that the SWDA's federal counterpart, the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) permits parties to enter contracts affirmatively to insure or to indemnify against CERCLA liability. *See, e.g. Beazer East, Inc. v. Mead Corp.*, 34 F.3d 206, (3rd Cir.1994); *Smith Land & Improvement Corp. v. Celotex Corp.*, 851 F.2d 86 (3rd Cir.1988). CERCLA has a specific provision authorizing such contracts. *See* 42 U.S.C. § 9607(e). We do not address the issue of whether the SWDA similarly permits such insurance or indemnification contracts between parties as it is not necessary for the disposition of this appeal. Our holding is limited to the purported "as is" clause before us.

■■ Finally, we note that in a postsubmission letter, appellees assert for the first time that based on *Hicks v. Humble Oil & Refining Co.*, 970 S.W.2d 90 (Tex. App.-Houston [14th Dist.] 1998, pet. denied) their rights vested in 1982 when they sold the property to T.D. Corporation and retroactive application of the SWDA is im-

proper. Appellants did not seek nor were they granted leave to file additional arguments or authorities after this matter was submitted. Additionally, appellees did not raise this issue in the trial court. Because this issue has not been preserved, it is not properly before us and we need not address this contention. *See* TEX.R.APP. P. 33.1(a).

Concluding appellants' statutory contribution claim under the Solid Waste Disposal Act is not barred as a matter of law by the purported "as is" provision of paragraph 8, we reverse that part of the trial court's judgment and remand appellants' SWDA claim to the trial court for further proceedings. We affirm the trial court's judgment on Bonnie Blue's common law contribution and indemnity claim after determining Bonnie Blue has waived the only arguments applicable to this claim by inadequate briefing.