**Roger K. GLASS, Appellant,**

v.

**Patricia WILLIAMSON, Appellee.**

No. 01–02–00361–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 11, 2004.

Ralph Shepherd, Tomball, TX, for Appellant.

Karen L. Marvel, Law Office of Sinkin & Barretto, San Antonio, TX, for Appellee.

Panel consists of Justices NUCHIA, KEYES, and HEDGES.*

## OPINION ON REHEARING

ADELE HEDGES, Justice.

We issued our opinion in this appeal on July 10, 2003, in which we reversed and rendered the trial court's judgment in favor of appellee. Appellee filed a motion for rehearing in this Court on August 11, 2003. We **grant** appellee's motion for rehearing, vacate and withdraw the Court's prior opinion and judgment of July 10, 2001, and issue this opinion and judgment in their stead. We affirm in part and reverse and remand in part.

---

* The Honorable Adele Hedges, who became Chief Justice of the Fourteenth Court of Appeals on December 8, 2003, continues to participate by assignment for the disposition of this case, which was submitted on June 23, 2003.

## Procedural Background

This is an appeal from a cumulative money judgment for child-support arrearages in the amount of $276,450.85 entered against appellant Roger K. Glass (husband) in favor of appellee Patricia Williamson (wife).[1] In three points of error, husband contends the trial court erred because (1) it did not issue findings of fact and conclusions of law, (2) it enforced a decree that was ambiguous, and (3) it awarded child support in the amount of $43 per week per child.

## Background

On April 7, 1980, a final decree of divorce was entered in Wayne County, Michigan dissolving the marriage between husband and wife and ordering husband to pay wife child support for his three children. The relevant language of the decree (support order) states as follows:

> [Husband] shall pay the sum of [f]orty-three ($43.00) [d]ollars, per week, in advance, to the Office of the Friend of the Court, as and for the support and maintenance of each of the minor children until the children shall respectively attain the age of eighteen (18) years or until the further [o]rder of the Court.

The clerk's record reflects that wife filed the following documents on November 3, 1999: (1) a notice of registration of foreign support order, (2) a notice of application for judicial writ of withholding, and (3) a certificate of delivery of the notice of application for judicial writ of withholding. Husband filed his motion to stay issuance of writ of withholding on December 14, 1999. Wife then filed a motion for cumulative judgment of child support arrears and a petition for suspension of licenses for failure to pay child support on August 9,

2001. On December 21, 2001, wife filed a supplemental motion for cumulative judgment of child support arrears and petition for suspension of licenses for failure to pay child support. The trial court entered a cumulative money judgment in the amount of $276,450.85 against husband on December 31, 2001.

## Jurisdiction

■ On rehearing, wife contends that the trial court was without jurisdiction to consider husband's contest of the amount of arrearages reflected in the application for judicial writ of withholding, because he failed to timely file his motion to stay issuance of writ of withholding as required by TEX. FAM.CODE ANN. § 158.307(a) (Vernon 2002).

Section 158.307 requires that an obligor file a motion to stay within ten days after receipt of the obligee's application for judicial writ of withholding. *Id.* Wife contends she filed the notice of application for writ of judicial withholding on November 3, 1999, and perfected service on husband by sending the document to husband's address by first class mail pursuant to TEX. FAM.CODE ANN. § 158.306 (Vernon 2002). Assuming without deciding these facts, husband had, pursuant to TEX. FAM.CODE ANN. § 158.306 (Vernon 2002) and TEX. FAM.CODE ANN. § 158.307 (Vernon 2002), at the maximum, 20 days from the date wife mailed the notice to contest the application. Because more than 20 days elapsed from when wife mailed the notice, she argues that the trial court was without jurisdiction to consider whether the amounts reflected in the notice of application for writ of judicial withholding were incorrect. We disagree.

---

1. It was also ordered that the judgment would bear 12 percent simple interest per year until the date the judgment is paid.

In *Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 76 (Tex.2000), the Texas Supreme Court overruled *Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084, to the extent that *Mingus* characterized a plaintiff's failure to establish a statutory prerequisite as jurisdictional. *Dubai,* 12 S.W.3d at 74. After *Dubai* was decided, it was no longer permissible to characterize a party's failure to establish a statutory prerequisite as a jurisdictional defect. *Id.* at 76. The focus shifted from whether or not the district court had subject matter jurisdiction to decide the issue to whether or not the party requesting relief was entitled to the relief sought. *Id.* at 76–77.

Husband's failure to adhere to the procedural requirements of TEX. FAM.CODE ANN. § 158.307 (Vernon 2002) did not divest the district court of subject matter jurisdiction, but instead, only raised the issue of whether husband was entitled to the relief he sought. *Dubai,* 12 S.W.3d at 76–77. Furthermore, because only the issue of whether husband was entitled to the relief sought was raised, husband's right to object to wife's failure could be waived. *See Tullos v. Eaton Corp.,* 695 S.W.2d 568, 568 (Tex.1985) (complaint that the trial court lacked subject matter jurisdiction raises fundamental error and therefore may be made at any time on appeal); *Mann v. Ramirez,* 905 S.W.2d 275, 278–79 (Tex.App.-San Antonio 1995, writ denied) (finding point of error raised on appeal did not amount to fundamental error, determination made as to whether point of error was waived).

*Attorney General v. Mitchell,* 819 S.W.2d 556 (Tex.App.-Dallas 1991, no writ), on which wife relies, is distinguishable from the present case in two ways. First, *Mitchell,* decided prior to *Dubai,* is based on overruled supreme court precedent. Second, the decision in *Mitchell* was based on an analogy to administrative adjudications by the Texas Alcoholic Beverage Commission and the Texas Department of Public Safety. *Mitchell,* 819 S.W.2d at 559 (*discussing Texas Alcoholic Beverage Comm'n v. Sfair,* 786 S.W.2d 26, 28 (Tex.App.-San Antonio 1990, writ denied) *and Stanfield v. Texas Dep't of Pub. Safety,* 422 S.W.2d 14, 17 (Tex.Civ.App.-Dallas 1967, writ ref'd n.r.e.)). We decline to employ the same analogy; contrary to the decisions relied upon in *Mitchell,* there was no hearing or other adjudication by a decision-making administrative body with respect to the alleged arrears reflected in wife's notice of application for judicial writ of withholding.

■ We hold that by failing to object to husband's failure to comply with the procedural requirements of Section 158 of the Texas Family Code, wife waived the right to assert that husband was not entitled to contest the amount of arrearages reflected in the notice of application for writ of judicial withholding. Because the trial court had subject matter jurisdiction to decide this dispute, we turn to the merits of the appeal.

### Findings of Facts and Conclusions of Law

■ In his first point of error, husband contends that he was harmed by the trial court's denial of his request for findings of fact and conclusions of law. Husband timely filed a request for findings of fact and conclusions of law pursuant to Rule 296 of the Rules of Civil Procedure. TEX.R. CIV. P. 296. He then timely filed a notice of past due findings of fact and conclusions of law pursuant to Rule 297 of the Rules of Civil Procedure. TEX.R. CIV. P. 297. The trial court did not file any findings of facts or conclusions of law.

■ When properly and timely requested, the trial court has a mandatory duty to file findings of facts and conclusions of law.

*Cherne Indus. v. Magallanes,* 763 S.W.2d 768, 772 (Tex.1989). If the trial court ignores this duty, "harm to the complaining party is presumed unless the contrary appears on the face of the record." *Tenery v. Tenery,* 932 S.W.2d 29, 30 (Tex.1996).

The record affirmatively shows that husband suffered no harm from the denial of his request for findings of fact and conclusions of law. The only issue before the trial court was a question of law, *i.e.* the interpretation of the support order in the divorce decree. The following undisputed evidence was admitted: (1) the 1980 divorce decree, (2) a copy of rule 3.211(E) of the Michigan Court Rules regarding the requirements of a judgment awarding child support, and (3) a table that outlined (a) the date child support payments were due (b) the amount of interest accrued, and (c) the total amount outstanding, $276,450.85. The trial court entered a cumulative money judgment in this amount against husband.

Where, as here, the facts are undisputed and the only matters presented on appeal are legal issues to be reviewed de novo, the failure to file findings of fact and conclusions of law is harmless error. *Off. of the Att'y Gen. of Tex. v. Wilson,* 24 S.W.3d 902, 905 (Tex.App.-Dallas 2000, no pet.). We overrule husband's first point of error.

## Ambiguous Decree

In his second point of error, husband contends that because the Michigan support order is vague, ambiguous, and indefinite, it is unenforceable. Specifically, husband makes two arguments: the support order is ambiguous (1) as to when the payments were to commence and (2) as to their amount.

### Ambiguous Start Date

■ Husband contends that the Michigan support order is ambiguous, indefinite, and uncertain with respect to its start date, and will therefore not support a judgment for arrearages. Husband failed to plead or argue to the trial court that the support order was ambiguous as to its start date. Furthermore, husband failed to specifically ask the trial court for any finding regarding whether the support order was ambiguous as to its start date. Finally, he did not raise the issue in his motion for new trial. We hold that husband waived this issue because he first raised it on appeal. Tex.R.App. P. 33.1; *Castillo v. Neely's TBA Dealer Supply, Inc.,* 776 S.W.2d 290, 292–94 (Tex.App.-Houston [1st Dist.] 1989 writ denied).

### Ambiguous Amount

Husband contends that the support order is ambiguous with respect to the amount he is to pay because the language is susceptible of two reasonable interpretations. As hereinbefore set out, the relevant language of the decree is as follows:

> [Husband] shall pay the sum of [f]orty-three ($43.00) [d]ollars, per week, in advance, to the Office of the Friend of the Court, as and for the support and maintenance of each of the minor children until the children shall respectively attain the age of eighteen (18) years or until the further [o]rder of the Court.

Emphasizing the use of the word "sum," husband argues that the language of the Michigan support order could be interpreted to mean that he was obligated to pay either $43 per week or $43 per week, per child. By contrast, stressing the use of the word "each," wife argues that the above language should be interpreted to mean that husband was obligated to pay $43 per week, per child.

Wife contends that there is no ambiguity in light of rule 3.211(E) of the Michigan Court Rules. Rule 3.211(E) provides, in relevant part, that "a judgment or order

awarding child support also must (1) specify the amount of support both at the time of judgment and as the number of children for whom there is a support obligation decreases." We disagree that this rule renders the order susceptible of only one interpretation.

■ In the alternative, wife contends that husband cannot prove any of the defenses outlined in section 159.607 of the Family Code, and, therefore, the trial court's judgment should be affirmed. We agree with wife that husband is foreclosed from raising Section 159.607 defenses, but we do not agree that such foreclosure requires affirmance of the trial court's judgment.

Section 159.607 provides:

(a) A party contesting the validity or enforcement of a registered order or seeking to vacate the registration has the burden of proving one or more of the following defenses:

(1) the issuing tribunal lacked personal jurisdiction over the contesting party;

(2) the order was obtained by fraud;

(3) the order has been vacated, suspended, or modified by a later order;

(4) the issuing tribunal has stayed the order pending appeal;

(5) **there is a defense under the law of this state to the remedy sought;**

(6) full or partial payment has been made; or

(7) the statute of limitation under Section 159.604 precludes enforcement of some or all of the arrearages.

TEX. FAM.CODE ANN. § 159.607 (Vernon 2002) (emphasis added).

On November 3, 1999, wife filed her notice of registration of the Michigan support order pursuant to Subchapter G of the Texas Family Code. In order to contest the validity or enforcement of the Michigan support order, husband was, pursuant to Sections 159.605 and 159.606, required to request a hearing within twenty days after notice of the registration. The record does not reflect that husband complied with this requirement, and the order was, therefore, confirmed by operation of law. TEX. FAM.CODE ANN. § 159.606(b) (Vernon 2002); *In Interest of Kuykendall,* 957 S.W.2d 907, 908–09 (Tex.App.-Texarkana 1997, no pet.). We hold that because husband failed to comply with Sections 159.605 and 159.606 of the Texas Family Code, the Michigan decree was confirmed by operation of law, and husband's failure precluded him from raising any defense under Section 159.607. TEX. FAM.CODE ANN. § 159.606(b) (Vernon 2002). Our inquiry does not stop here, however.

■ Faced with a final judgment to be enforced, we must ascertain its meaning, and interpret what obligations the support order imposed upon husband. We must determine whether the support order was sufficiently definite and certain to support a money judgment in the amount of $276,450.85. *Gross v. Gross,* 808 S.W.2d 215, 219 (Tex.App.-Houston [14th Dist.] 1991, no writ). The trial court's judgment of $276,450.85 demonstrates that it interpreted the support order to order child support payments in the amount of $43 per week per child. While we agree the support order is susceptible to that interpretation, we cannot agree that such interpretation is exclusive, and therefore unambiguous.

There is no dispute regarding whether husband was ordered to pay child support for his children. The only dispute is the amount he was ordered to pay. Under either interpretation urged by the parties, the support order required husband to pay at least $43 per week. Because husband never moved to clarify his obligation under

the Michigan support order, he can not now complain that it is too ambiguous, indefinite, and uncertain to support a money judgment. *Id.*; TEX. FAM.CODE ANN. § 157.421 (Vernon 2002) (court may clarify order not specific enough to be enforced by contempt). We hold that the support order was sufficiently definite and certain to support a money judgment in the total amount of $43 per week in child support.

### Conclusion

We reverse the portions of the trial court's judgment that pertain to the amount of child support arrearages and interest calculated on those arrearages, and remand with instructions that the trial court recalculate child support arrearages and interest. Child support arrearages should be recalculated at the rate of $43 per week in child support as opposed to $43 per week per child. Interest should be recalculated based upon the recalculated amount of child support arrearages. The trial court is to enter a judgment for recalculated child support arrearages and interest. We affirm the trial court's judgment in all other respects.