IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00398-CV

 

In the
Matter of the Marriage of

Charmane
Diane Stephens

and

Douglas
Val Stephens

 

 



From the 21st District Court

Burleson County, Texas

Trial Court No. 24,146

 



ABATEMENT ORDER










 

        Douglas Val Stephens filed a
petition for divorce from Charmane Diane Stephens, and Charmane filed a
counterpetition for divorce from Douglas.  The trial court’s divorce decree
ordered the parties divorced, divided the parties’ estate, ordered that Douglas pay child support for the child of the marriage, and made other orders.  Douglas appeals the decree on several grounds.  We abate and remand for findings of fact
and conclusions of law.

        Texas Family Code Section
154.130 provides: “Without regard to Rules 296-299, Texas Rules of Civil
Procedure, in rendering an order of child support, the court shall make the
findings required by Subsection (b) if . . . the amount of child
support ordered by the court varies from the amount computed by applying the
percentage guidelines.”  Tex. Fam. Code
Ann. § 154.130(a) (Vernon Supp. 2007); see Act of Apr. 6,
1995, 74th Leg., R.S., ch. 20, § 1, secs. 154.125-154.126, 1995 Tex. Gen. Laws
113, 162-63 (amended 2007) (current versions at Tex. Fam. Code Ann. §§ 154.125.154.126 (Vernon Supp. 2007)).[1]  

        Section
154.130(b), in turn, provides that:

       If findings are required by this section,
the court shall state whether the application of the guidelines would be unjust
or inappropriate and shall state the following in the child support order:

       “(1) the monthly net resources
of the obligor per month are $______;

       “(2) the monthly net resources
of the obligee per month are $______;

       “(3) the percentage applied to
the obligor’s net resources for child support by the actual order rendered by
the court is ___%;

       “(4) the amount of child
support if the percentage guidelines are applied to the first $6,000 of the
obligor’s net resources is $______;

       “(5) if applicable, the
specific reasons that the amount of child support per month ordered by the
court varies from the amount stated in Subdivision (4) are:
____________________________________________; and

       “(6) if applicable, the obligor
is obligated to support the children in more than one household, and:

“(A)   the
number of children before the court is ___;

“(B)    the
number of children not before the court residing in the same household with the
obligor is ___; and

“(C)   the number of children not
before the court for whom the obligor is obligated by a court order to pay
support, without regard to whether the obligor is delinquent in child support
payments, and who are not counted under Paragraph (A) or (B) is ___.”

Act of Apr. 6, 1995, 74th Leg., R.S.,
ch. 20, § 1, sec. 154.130(b), 1995 Tex. Gen. Laws 113, 163-64 (amended 2007) (current version at Tex. Fam. Code Ann. § 154.130(b) (Vernon Supp. 2007)).[2]

        “Section 154.130 makes these
findings mandatory and failure to make these findings when required constitutes
reversible error.”  In re C.W., No. 07-04-0543-CV, 2006 Tex. App. LEXIS 363, at *7-*8 (Tex. App.—Amarillo Jan. 17, 2006, no pet.) (mem. op.); accord
Omodele v. Adams, No. 14-01-00999-CV, 2003 Tex. App. LEXIS 292, at *12-*13
(Tex. App.—Houston [14th Dist.] Jan. 16, 2003, no pet.) (mem. op.).

        Harm “is presumed unless the
contrary appears on the face of the record when” findings of fact and
conclusions of law are required and the trial court fails to make and file
them.  Tenery, 932 S.W.2d at 30 (citing Tex. R. Civ. P. 296); see Tex. R. App. P. 44.1(a)(2); Chervinskis v. Love, No.
10-06-00105-CV, 2007 Tex. App. LEXIS 3387, at *5 (Tex. App.—Waco May 2, 2007,
no pet.) (mem. op.); Glass v. Williamson, 137 S.W.3d 114, 117-18 (Tex. App.—Houston [1st Dist.] 2004, no pet.).  “An appellant has suffered injury from such”
failure “when the circumstances of the case require her to guess the reason or
reasons the court ruled against her.”  Beard v. Beard, 49 S.W.3d 40, 52
(Tex. App.—Waco 2001, pet. denied) (op. on orig. submission); e.g. In re
S.R.O., No. 10-01-184-CV (Tex. App.—Waco May 28, 2003, order) (per curiam)
(not designated for publication) (“multiple grounds on which the court may have
ruled”), disp. on merits, 143 S.W.3d 237 (Tex. App.—Waco 2004, no pet.).


        “The proper remedy for a trial court’s” failure
“to file findings of fact and conclusions of law is abatement of an appeal,
thereby giving the trial court an opportunity to cure its error.”  Elliott
v. Kraft Foods N. Am., Inc., 118 S.W.3d 50, 56 (Tex. App.—Houston [14th
Dist.] 2003, no pet.); see Tex.
R. App. P. 44.4; Cherne Indus. Inc. v. Magallanes, 763 S.W.2d 768,
773 (Tex. 1989); Metzger v. Metzger, No. 01-04-00893-CV, 2007 Tex. App. LEXIS 4487, at *11 (Tex. App.—Houston [1st Dist.] June 7, 2007, pet. filed) (mem.
op.); Carr v. Hubbard, 664 S.W.2d 151, 153-54 (Tex. App.—Houston [1st
Dist.] 1983, writ ref’d n.r.e.).

        Douglas contends, “The trial
court erred in setting child support above the presumptive guidelines without
pleadings or evidence.”  (Br. at 12; see id. at 12-14; Reply Br. at 9-11.)  Charmane agrees that the trial court implicitly found that “application of
the guidelines would be unjust or inappropriate under the circumstances,” and
argues several such circumstances.  (Br. at 14 (citing Tex. Fam. Code Ann. § 154.123(b) (Vernon 2002)); see Br. at 14-16.)  Under the pleadings and evidence, multiple grounds exist on which the trial
court might have awarded child support in an amount that varied from the
percentage guidelines.

        Accordingly, we abate the
appeal to the trial court for the making and filing of appropriate findings of
fact and conclusions of law.[3]  The trial court must, within 30 days after the
date of this order: (1) make appropriate findings of fact and conclusions
of law, and (2) deliver those findings of fact and conclusions of law to
the trial-court clerk.  The trial-court clerk must: (1) prepare a
supplemental clerk’s record containing the findings of fact and conclusions of
law that the trial court makes, and (2) file the supplemental clerk’s
record with the Clerk of this Court within 45 days after the date of this
order.

        If Douglas, after reviewing
the findings of fact and conclusions of law, determines that he should amend or
supplement his brief, his amended or supplemental brief will be due 30 days
after the supplemental clerk’s record is filed.  If Douglas files an amended or
supplemental brief, Charmane will have 30 days thereafter to file an amended or
supplemental brief.  No extensions will be considered or granted absent
extraordinarily urgent circumstances.

 

PER CURIAM

Before Chief Justice Gray,

        Justice Vance, and

        Justice Reyna

Abated and remanded

Order delivered and filed November 7, 2007

[CV06]









                [1] We note that Douglas requested general findings of fact and conclusions of law in accordance with Rules
of Civil Procedure 296 and 297, which findings and conclusions the trial court
has failed to file.  Douglas argues:

      Without
findings of fact and conclusions of law entered by the trial court pursuant to
Doug’s request, Doug is unable to show any of the orders complained of
. . . resulted in specific harm.  Harm to the complaining party is
presumed unless the contrary appears on the face of the record when the party
makes a proper and timely request for findings and the trial court fails to
comply.  Tenery v. Tenery, 932 S.W.2d 29, 30 (Tex. 1996).

(Br. at 20-21; see Reply Br. at 17.)





                [2] We note that the Family
Code also requires:

     In
a suit for dissolution of a marriage in which the court has rendered a judgment
dividing the estate of the parties, on request by a party, the court shall
state in writing its findings of fact and conclusions of law concerning:

           (1)           the characterization of
each party’s assets, liabilities, claims, and offsets on which disputed
evidence has been presented; and

           (2)           the
value or amount of the community estate’s assets, liabilities, claims, and
offsets on which disputed evidence has been presented.

Tex. Fam. Code Ann. § 6.711(a) (Vernon 2006).





                [3] In
addition to the findings of fact and conclusions of law required by the Family
Code, as noted above, Douglas has also requested findings and conclusions under
the Rules of Civil Procedure.