IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00354-CV

 

Sonny Wilson,

                                                                                    Appellant

 v.

 

TDCJ-ID,

                                                                                    Appellee

 

 



From the 278th District Court

Walker County, Texas

Trial Court No. 23,819

 



ORDER










 

            In this proceeding, Sonny Wilson, an
inmate, appeals the trial court’s order granting TDCJ-ID’s plea to the
jurisdiction.  Wilson filed his brief in March of 2010.  TDCJ-ID filed its
brief in April of 2010.  By letter, the Clerk of this Court notified the
attorney for TDCJ-ID that its brief did not respond to Wilson’s issues raised
in his brief.  Further, the letter notified TDCJ-ID that its brief did not
address the ground upon which the trial court’s order, entered on September 8, 2009, was expressly based, granting TDCJ-ID’s plea to the jurisdiction.  

            In that same letter from the Clerk of
this Court, TDCJ-ID was requested to file a supplemental brief addressing Wilson’s issues as they relate to the trial court’s order granting TDCJ-ID’s plea to the
jurisdiction.  A supplemental brief, if any, was requested to be filed within
21 days from the date of the clerk’s letter.  If no supplemental brief would be
filed, TDCJ-ID was required to inform the Court, within 14 days from the date
of the Clerk’s letter, that no supplemental brief would be filed.  TDCJ-ID did
not inform the Court that it would not file a supplemental brief.  Thus, the
Court was anticipating a supplemental brief.  More than 21 days have passed and
a supplemental brief has not been filed.  

            We now strike TDCJ-ID’s brief.  

            TDCJ-ID is ORDERED to file a new brief
within 30 days from the date of this order which is responsive to the issues
raised by Wilson in his brief:

·       
the trial court abused its
discretion in granting the plea to the jurisdiction;

 

·       
if the pleadings in the
complaints are deficient, Appellant should be allowed to amend the pleadings;

 

·       
dismissal under Chapter 14 for
reasons stated in that motion would also be an abuse of discretion; and

 

·       
it is possible that the pro se
plaintiff was subjected to undue court prejudice.

 

                                                                        PER
CURIAM

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Brief
Stricken

Order
issued and filed October 6, 2010






hildren not
before the court for whom the obligor is obligated by a court order to pay
support, without regard to whether the obligor is delinquent in child support
payments, and who are not counted under Paragraph (A) or (B) is ___.”

Act of Apr. 6, 1995, 74th Leg., R.S.,
ch. 20, § 1, sec. 154.130(b), 1995 Tex. Gen. Laws 113, 163-64 (amended 2007) (current version at Tex. Fam. Code Ann. § 154.130(b) (Vernon Supp. 2007)).[2]

        “Section 154.130 makes these
findings mandatory and failure to make these findings when required constitutes
reversible error.”  In re C.W., No. 07-04-0543-CV, 2006 Tex. App. LEXIS 363, at *7-*8 (Tex. App.—Amarillo Jan. 17, 2006, no pet.) (mem. op.); accord
Omodele v. Adams, No. 14-01-00999-CV, 2003 Tex. App. LEXIS 292, at *12-*13
(Tex. App.—Houston [14th Dist.] Jan. 16, 2003, no pet.) (mem. op.).

        Harm “is presumed unless the
contrary appears on the face of the record when” findings of fact and
conclusions of law are required and the trial court fails to make and file
them.  Tenery, 932 S.W.2d at 30 (citing Tex. R. Civ. P. 296); see Tex. R. App. P. 44.1(a)(2); Chervinskis v. Love, No.
10-06-00105-CV, 2007 Tex. App. LEXIS 3387, at *5 (Tex. App.—Waco May 2, 2007,
no pet.) (mem. op.); Glass v. Williamson, 137 S.W.3d 114, 117-18 (Tex. App.—Houston [1st Dist.] 2004, no pet.).  “An appellant has suffered injury from such”
failure “when the circumstances of the case require her to guess the reason or
reasons the court ruled against her.”  Beard v. Beard, 49 S.W.3d 40, 52
(Tex. App.—Waco 2001, pet. denied) (op. on orig. submission); e.g. In re
S.R.O., No. 10-01-184-CV (Tex. App.—Waco May 28, 2003, order) (per curiam)
(not designated for publication) (“multiple grounds on which the court may have
ruled”), disp. on merits, 143 S.W.3d 237 (Tex. App.—Waco 2004, no pet.).


        “The proper remedy for a trial court’s” failure
“to file findings of fact and conclusions of law is abatement of an appeal,
thereby giving the trial court an opportunity to cure its error.”  Elliott
v. Kraft Foods N. Am., Inc., 118 S.W.3d 50, 56 (Tex. App.—Houston [14th
Dist.] 2003, no pet.); see Tex.
R. App. P. 44.4; Cherne Indus. Inc. v. Magallanes, 763 S.W.2d 768,
773 (Tex. 1989); Metzger v. Metzger, No. 01-04-00893-CV, 2007 Tex. App. LEXIS 4487, at *11 (Tex. App.—Houston [1st Dist.] June 7, 2007, pet. filed) (mem.
op.); Carr v. Hubbard, 664 S.W.2d 151, 153-54 (Tex. App.—Houston [1st
Dist.] 1983, writ ref’d n.r.e.).

        Douglas contends, “The trial
court erred in setting child support above the presumptive guidelines without
pleadings or evidence.”  (Br. at 12; see id. at 12-14; Reply Br. at 9-11.)  Charmane agrees that the trial court implicitly found that “application of
the guidelines would be unjust or inappropriate under the circumstances,” and
argues several such circumstances.  (Br. at 14 (citing Tex. Fam. Code Ann. § 154.123(b) (Vernon 2002)); see Br. at 14-16.)  Under the pleadings and evidence, multiple grounds exist on which the trial
court might have awarded child support in an amount that varied from the
percentage guidelines.

        Accordingly, we abate the
appeal to the trial court for the making and filing of appropriate findings of
fact and conclusions of law.[3]  The trial court must, within 30 days after the
date of this order: (1) make appropriate findings of fact and conclusions
of law, and (2) deliver those findings of fact and conclusions of law to
the trial-court clerk.  The trial-court clerk must: (1) prepare a
supplemental clerk’s record containing the findings of fact and conclusions of
law that the trial court makes, and (2) file the supplemental clerk’s
record with the Clerk of this Court within 45 days after the date of this
order.

        If Douglas, after reviewing
the findings of fact and conclusions of law, determines that he should amend or
supplement his brief, his amended or supplemental brief will be due 30 days
after the supplemental clerk’s record is filed.  If Douglas files an amended or
supplemental brief, Charmane will have 30 days thereafter to file an amended or
supplemental brief.  No extensions will be considered or granted absent
extraordinarily urgent circumstances.

 

PER CURIAM

Before Chief Justice Gray,

        Justice Vance, and

        Justice Reyna

Abated and remanded

Order delivered and filed November 7, 2007

[CV06]









                [1] We note that Douglas requested general findings of fact and conclusions of law in accordance with Rules
of Civil Procedure 296 and 297, which findings and conclusions the trial court
has failed to file.  Douglas argues:

      Without
findings of fact and conclusions of law entered by the trial court pursuant to
Doug’s request, Doug is unable to show any of the orders complained of
. . . resulted in specific harm.  Harm to the complaining party is
presumed unless the contrary appears on the face of the record when the party
makes a proper and timely request for findings and the trial court fails to
comply.  Tenery v. Tenery, 932 S.W.2d 29, 30 (Tex. 1996).

(Br. at 20-21; see Reply Br. at 17.)





                [2] We note that the Family
Code also requires:

     In
a suit for dissolution of a marriage in which the court has rendered a judgment
dividing the estate of the parties, on request by a party, the court shall
state in writing its findings of fact and conclusions of law concerning:

           (1)           the characterization of
each party’s assets, liabilities, claims, and offsets on which disputed
evidence has been presented; and

           (2)           the
value or amount of the community estate’s assets, liabilities, claims, and
offsets on which disputed evidence has been presented.

Tex. Fam. Code Ann. § 6.711(a) (Vernon 2006).





                [3] In
addition to the findings of fact and conclusions of law required by the Family
Code, as noted above, Douglas has also requested findings and conclusions under
the Rules of Civil Procedure.