Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


## OPINION

No. 04-10-00187-CV

**IN THE INTEREST OF R.G.**, a Minor Child

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 1978-CI-04930
Honorable Larry Noll, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  May 11, 2011

REVERSED AND REMANDED

      In the underlying cause, Sophie Gonzales sought and obtained both the foreclosure of child support liens and a judicial writ of withholding. From the record, it appears that the liens were not based upon an accumulation of missed child support payments. Rather, the "arrearages" upon which Sophie staked her claim appear to be an accumulation of interest on late child support payments made by her former husband, Frank Garcia, more than twenty-five years ago. On appeal, Frank asserts numerous complaints; however, Frank's primary contention is that the trial court erred in concluding that section 158.309 of the Texas Family Code deprived the trial court of jurisdiction to consider Frank's evidence and defenses. Because we hold the trial

court had jurisdiction to consider Frank's evidence and defenses, we reverse the trial court's judgment and remand the cause to the trial court for further proceedings.

**BACKGROUND**

Sophie and Frank were divorced in 1978. They had one child, R.G. In the divorce decree, Frank was required to pay child support in the amount of $40 per week through the child support registry until R.G. turned 18 or became emancipated. R.G. turned 18 on October 5, 1985. At that time, the Bexar County Child Support Payment Record showed that Frank was $630 in arrears; however, over the next two years, Frank continued to make additional payments through the child support registry totaling $710.

On April 1, 2009, Sophie served Frank with a Notice of Application for Judicial Writ of Withholding, stating that Frank owed $33,759.98 in child support arrears, including interest, as of March 13, 2009, and requesting that $1,489.07 be withheld by Frank's employer each month. Within a few days, Frank filed a motion to stay the issuance of the judicial writ of withholding, stating that he was not behind in paying child support. Sophie did not file the Notice of Application with the district clerk until April 23, 2009.

On October 28, 2009, Sophie filed her "First Amended Answer . . ., Request for Affirmative Relief, and Notice of Hearing." In her pleading, Sophie asserted that she issued Notices of Child Support Lien pursuant to section 157.312 of the Texas Family Code ("Code") on March 31, 2009, and that she issued a Notice of Application for Judicial Writ of Withholding pursuant to section 158.301 of the Code the same day. Her pleading contains a section entitled "Affirmative Defenses." In this section of the pleading, Sophie specifically objected to "the untimely attempt by [Frank] to contest the arrears" and further asserted "[t]he child support arrears in the amount of $33,759.98 as of March 13, 2009, was established as a matter of law on

April 11, 2009." Subject to these "affirmative defenses," Sophie alternatively requested that the trial court make a determination of the amount of the child support arrears "pursuant to section 157.323 and/or section 158.301, *et seq.*" of the Code. Sophie also requested that she be granted the right to foreclose on her child support liens and that she recover attorney's fees.

Frank responded to Sophie's pleading with his own Defendant's Original Answer; Plea in Abatement; Plea to the Jurisdiction; Motion to Rule for Costs; Motion for Relief for Frivolous Pleadings under CPRC 9.001 et. seq.; Motion for Sanctions under CPRC Chapter 10; Original Counterclaim and Jury Demand. In his pleading, Frank noted that his bank had filed a separate interpleader lawsuit based on the actions taken by Sophie, and the interpleader proceeding was set for trial on December 2, 2009. Frank requested an abatement of the underlying proceeding until the conclusion of the interpleader proceeding. Frank asserted that the procedures used by Sophie provided him with legal options to oppose and dispute the alleged child support debt. He also asserted affirmative defenses of collateral estoppel, estoppel, laches, statute of limitations, and waiver. Additionally, Frank asserted claims against Sophie for conversion, unlawful debt collection practices, violation of the Texas Unlawful Debt Collection Act, unlawful garnishment, and defamation.

A hearing was held on November 13, 2009. At the conclusion of the hearing, the trial court signed an order finding that Frank was served with the notice of application of writ of withholding on April 1, 2009, and that he failed to request a hearing on his motion to stay within thirty days. Based on this finding, the trial court determined "as a matter of law" that the amount of the child support arrearage was $33,759.98. The order also sustained Sophie's objection to Frank's failure to request a hearing on his motion to stay within thirty days. The trial court's order further provided that Sophie was "granted and rendered a judgment and confirmation of

arrears under §157.323 and § 158.309 of the Texas Family Code for child-support arrearages, including accrued interest against [Frank] in the amount of $33,759.98," plus post-judgment interest. The order further stated that "all funds liened shall be paid to [Sophie] and shall be credited against the Judgment set forth herein." Finally, the order awarded a judgment for attorney's fees in the amount of $15,546.50 to be paid directly to Sophie's attorneys, plus additional conditional appellate attorney's fees in the event of an appeal.

### JURISDICTION TO CONSIDER FRANK'S DEFENSES

#### A. Right to Present Defenses under Section 158.309

Chapter 158 of the Texas Family Code governs the withholding of earnings for child support, and subchapter D of chapter 158 governs judicial writs of withholding. TEX. FAM. CODE ANN. §§ 158.001, et seq. (West 2008 & Supp. 2010). Section 158.301 permits an obligee to file a notice of application for judicial writ of withholding if a delinquency occurs in child support payments in an amount equal to or greater than the total support due for one month. TEX. FAM. CODE ANN. § 158.301 (West 2008). Section 158.307 allows the obligor to stay the issuance of a judicial writ of withholding by filing a motion to stay not later than the 10th day after the obligor receives the notice of application. *Id*. at § 158.307(a). If a motion to stay is filed, section 158.309(a) provides "the court shall set a hearing on the motion and the clerk of the court shall [send notice to the parties] of the date, time, and place of the hearing." *Id*. at § 158.309(a). Section 158.309(b) provides, "The court shall hold a hearing on the motion to stay not later than the 30th day after the date the motion was filed." *Id.* at § 158.309(b). Finally, section 158.309(c) provides that after a hearing, the trial court shall either grant the motion to stay or render an order for income withholding that includes a determination of the amount of child support arrearages including interest. *Id*. at § 158.309(c). A judicial writ of withholding

directs the obligor's employer or a subsequent employer to withhold from the obligor's disposable income an amount that is consistent with the provisions in Chapter 158 regarding orders of withholding. *Id*. at § 158.314; *see also* § 158.009 (establishing maximum income amount that can be withheld).

Within the context of the procedural requirements of Chapter 158 of the Code, the question arises here of whether Frank's failure to timely request a hearing on his motion to stay barred him from presenting evidence. The trial court found that it lacked jurisdiction to consider Frank's defenses. Sophie primarily relied on two appellate decisions to convince the trial court that it lacked jurisdiction to consider Frank's defenses because he failed to timely request a hearing. First, in *Attorney General's Office v. Mitchell*, the court considered the effect of an obligor's failure to timely file his motion to stay. 819 S.W.2d 556, 558 (Tex. App.—Dallas 1991, no writ). The Dallas court held that the failure to timely seek judicial review barred the obligor's complaints from being heard. *Id*. at 559. The Dallas court analogized the issuance of the writ of withholding to decisions by administrative agencies and held that the trial court did not have jurisdiction to consider the obligor's complaints because he failed to seek timely review. *Id*. at 559-60. The second decision cited by Gonzales was an unpublished opinion from this court following the holding in *Mitchell* and holding that an obligor failed to invoke the jurisdiction of the trial court by untimely filing a motion to stay. *Effner v. Moore*, No. 04-01-00294-CV, 2002 WL 269116, at *1 (Tex. App.—San Antonio Feb. 27, 2002, no pet.) (not designated for publication); *see also Cobb v. Gordy*, No. 01-09-00764-CV, 2011 WL 494801, at *4 (Tex. App.—Houston [1st Dist.] Feb. 20, 2011, no pet. h.) (mem. op.) (same).

In *Glass v. Williamson*, 137 S.W.3d 114, 116-17 (Tex. App.—Houston [1st Dist.] 2004, no pet.), the Houston court disagreed with the holding in *Mitchell*. In *Glass*, the appellate court

considered the obligee's argument that the trial court was without jurisdiction to consider the obligor's contest of the amount of arrearages because the obligor failed to timely file a motion to stay. 137 S.W.3d at 116. The court first noted that in 2000, the Texas Supreme Court overruled prior precedent characterizing a plaintiff's failure to establish a statutory prerequisite as jurisdictional. *See id*. at 117 (citing *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71 (Tex. 2000)). The Houston court further noted that after *Dubai*, the focus shifted from whether the district court had subject matter jurisdiction to whether the party requesting relief was entitled to the relief sought. *Id*. The court held that the obligor's failure to timely file a motion to stay did not divest the trial court of jurisdiction. *Id*. Instead, the issue became whether the obligor was entitled to the relief sought, *i.e.*, entitled to assert his defenses to the arrearage. *Id*. The court also criticized the Dallas court's analogy to administrative adjudications. *Id*.

All three of these decisions are distinguishable from the instant case because Frank timely filed his motion to stay. As a result, Frank timely sought judicial review. Thus, the issue in this case is further narrowed to whether section 158.309 imposes a duty on the trial court to conduct the hearing or requires the obligor to request the hearing. Construing the meaning of section 158.309 is a question of statutory construction, and issues involving statutory construction are questions of law that are reviewed *de novo*. *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex. 2010)**.**

As previously noted, section 158.309 provides that if a motion to stay is filed, the trial court shall set a hearing and shall hold a hearing on the motion to stay not later than the 30th day after the date the motion was filed. TEX. FAM. CODE ANN. § 158.309 (West 2008). In addition, section 158.302, which governs the required content of a Notice of Application, requires the Notice of Application to "describe the procedures for contesting the issuance and delivery of a

writ of withholding" and to "state that if the obligor contests the withholding, the obligor will be afforded an opportunity for a hearing by the court not later than the 30th day after the date of receipt of the notice of contest." *Id*. at § 158.302(4), (5).

Although Frank and Sophie each cite case law interpreting language contained in other statutes or rules similar to the language in section 158.309, we need look no further than the Texas Family Code to determine the meaning of section 158.309. Chapter 157 of the Code governs the enforcement of a child support order. *Id*. at § 157.001(a). Section 157.001(c) of the Code states a trial court "may enforce a final order for child support as provided in this chapter or Chapter 158." *Id*. at § 157.001(a). With regard to the procedure to be followed in setting a hearing on a motion for enforcement, section 157.061 provides:

> (a) On filing a motion for enforcement requesting contempt, the court shall set the date, time, and place of the hearing and order the respondent to personally appear and respond to the motion.
>
> (b) If the motion for enforcement does not request contempt, the court shall set the motion for hearing on the request of a party.

*Id*. at 157.061. Accordingly, section 157.061 reveals that the Texas Legislature has drawn a distinction, at least in cases seeking to enforce child support obligations, between imposing the obligation on the trial court to set a hearing and imposing the obligation on the party to request a hearing. *See id*. The language in section 157.061(a) imposes a "statutorily required ministerial duty" on the trial court to set a hearing. *In re Taylor*, 39 S.W.3d 406, 413 (Tex. App.—Waco 2001, orig. proceeding). Given that Chapter 157 and Chapter 158 both govern child support enforcement, there is no reason for this court to conclude that the Texas Legislature did not intend to impose the same obligation on the trial court under section 158.309 of the Code as it imposed under section 157.061(a). This interpretation also is consistent with other provisions of Chapter 158, including the requirement that the notice of application state the obligor will be

afforded an opportunity for a hearing and the requirement that "both the obligor and the obligee" must agree to waive the right to have the motion to stay heard within thirty days. TEX. FAM. CODE ANN. §§ 158.302(5), 158.309(b) (West 2008). Because the trial court had the burden to set the hearing on Frank's motion to stay, the trial court erred in concluding that it did not have jurisdiction to consider Frank's defenses based on Frank's failure to timely request the hearing.[1]

### B. Right to Present Defenses under Section 157.323

Even if the trial court had been correct with regard to Frank's right to present defenses under section 158.309, which we have held it was not, Sophie sought relief under both Chapter 158 and Chapter 157. Moreover, the trial court granted relief under both Chapters. The trial court's order confirms the amount of the arrears under both section 157.323 and section 158.309. The trial court's order further permitted Sophie to foreclose the child support liens she had filed which also is governed by section 157.323. Under Chapter 157, Sophie had the obligation to request a hearing on her action to foreclose, and no provision prohibited Frank from raising his defenses. *See* TEX. FAM. CODE ANN. § 157.323 (West 2008) (noting obligor may dispute the amount of arrearages stated in the lien and providing that procedures generally applicable to motions for enforcement apply); TEX. FAM. CODE ANN. § 157.061 (West 2008) (setting forth procedure for setting hearing). Therefore, because Frank was entitled to assert his defenses to the amount of the arrearages under Chapter 157, the trial court erred in concluding it did not have jurisdiction to consider the defenses.

---

[1] We recognize that placing the burden to set a hearing on the trial court rather than on the litigants may be burdensome, especially in jurisdictions like Bexar County where a centralized presiding docket system is used. Nonetheless, the language of the statute is clear, and this court is not at liberty to disregard the statutory language chosen by the Legislature. *See Diversicare General Partner, Inc. v. Rubio*, 185 S.W.3d 842, 860 (Tex. 2005) (quoting *Simmons v. Arnim*, 110 Tex. 2309, 220 S.W. 66, 70 (Tex. 1920)) (courts must take statutes as they find them).

During the hearing, Sophie's attorney referred to res judicata as establishing the amount of the arrearage. Presumably, her attorney believed that by obtaining an arrearage determination under the relief requested under Chapter 158, the arrearage determination was res judicata with regard to the relief requested under Chapter 157. In order for the principle of res judicata to apply, however, there must have existed a prior final determination on the merits by a court of competent jurisdiction. *Travelers Ins. Co. v. Joachim,* 315 S.W.3d 860, 862 (Tex. 2010). In this case, there was no prior final determination. Instead, the relief under both Chapter 157 and Chapter 158 was requested and granted in a single hearing.

## C. Preservation of Right to Present Evidence

In her brief, Sophie asserts that Frank failed to preserve his complaint regarding the exclusion of the evidence because he failed to offer the evidence. We disagree. The reporter's record of the hearing demonstrates that Frank's attorney made numerous efforts to offer evidence. Those efforts were, however, thwarted by the trial court's determination that it lacked jurisdiction to consider the evidence.

Sophie also asserts Frank's offer of proof was not made in the presence of the trial court; therefore, the complaint is not preserved. Rule 103(a)(2), however, states that error may not be predicated upon a ruling excluding evidence unless "the substance of the evidence was made known to the court by offer, *or was apparent from the context in which questions were asked*." TEX. R. EVID. 103(a)(1) (emphasis added); *see also Akin v. Santa Clara Land Co.*, 34 S.W.3d 334, 339 (Tex. App.—San Antonio 2000, pet. denied) (noting substance of testimony was apparent from discussion at hearing and assuming error preserved). From the reporter's record of the hearing, it is clear that the trial court understood the substance of the evidence related to Frank's defenses against the alleged arrearage. For example, Frank's attorney repeatedly

focused the trial court's attention on a letter from the Attorney General's office stating that Frank had paid all child support owed. Although Sophie's attorney raised hearsay objections to the admissibility of the letter, it is apparent from the record that the trial court was aware that Frank intended to call the assistant attorney general as a witness to elaborate on the factual information he discussed in the letter regarding the child support payments. Frank's attorney even informed the trial court that a trial judge in a separate hearing had granted a protective order with regard to documents Frank requested in subpoenaing the witness; however, the trial judge had ruled that the witness would be permitted to testify. Moreover, Frank's attorney informed the trial court that part of his offer of proof was that Frank and his wife had visited the office of Sophie's attorney and had offered proof that they had paid the child support in full. From the context of this statement, it was apparent that Frank and his wife intended to testify that the child support had been paid in full. Accordingly, Frank properly preserved his complaint for our review.

## SUFFICIENCY

In his fourth point of error, Frank contends the evidence is legally insufficient to support the amount of the arrears because interest did not accrue on the unpaid child support and the Bexar County Child Support Payment Record established that he paid the principal amount of the child support in full. Prejudgment interest is, however, recoverable on unpaid child support as a matter of right. *See In re M.C.R.*, 55 S.W.3d 104, 108 (Tex. App.—San Antonio 2001, no pet.); *Medrano v. Medrano*, 810 S.W.2d 426, 428 (Tex. App.—San Antonio 1991, no writ). Accordingly, Frank's legal sufficiency complaint is based on a flawed premise and is overruled.[2]

---

[2]Although we acknowledge the saying that a trial court acts as "a mere scrivener" and "mechanically tallies the amount of arrearages," *see In re M.C.R.*, 55 S.W.3d at 109, calculating the amount of arrears in this case from the three documents introduced into evidence would be a mathematical challenge a trial judge should not be required to undertake. Given the necessary mathematical calculations, a trial judge in these circumstances would not abuse its discretion in requiring additional detailed evidence and mathematical assistance from the parties apart from the divorce decree and child support payment registry. Certainly, this court would not be receptive to being called upon to decipher the math without any additional record support. We further acknowledge, however, that the trial court's

**CONCLUSION**

We have determined that the trial court erroneously concluded it was without jurisdiction to hear Frank's evidence offered in defense of the claims asserted against him. Accordingly, the trial court's order is reversed, and the cause is remanded to the trial court for further proceedings.

Catherine Stone, Chief Justice

---

erroneous application of section 158.309 likely skewed the manner in which the trial court determined the arrearage. Under its procedural approach to the case, the trial court may have believed that the arrearage amount listed in Sophie's self-serving Notice of Application for Judicial Writ of Withholding established the arrears "as a matter of law" despite the absence of any other evidence supporting the arrearage calculation. *See Cobb*, 2011 WL 494801, at *4.