**Affirmed and Memorandum Opinion filed February 13, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00714-CV

---

### KENNETH LABARRON FLOWERS, Appellant

### V.

### OFFICE OF THE ATTORNEY GENERAL, Appellee

---

**On Appeal from the 311th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-56431**

---

## MEMORANDUM OPINION

Appellant Kenneth Labarron Flowers appeals an order confirming child support arrearage. In two issues Flowers argues (1) the Louisiana court lacked jurisdiction over his divorce; and (2) a fact issue exists as to whether the underlying order is void. We affirm.

### BACKGROUND

On August 16, 2006, Flowers and his wife were divorced in Louisiana and

Flowers was ordered to pay child support of $1,000 per month beginning March 1, 2003 and monthly thereafter. On September 22, 2015, the Attorney General of Texas (OAG) filed a Motion to Confirm Support Arrearage and Suit for Modification of Support Order in Harris County District Court. The OAG alleged that Flowers failed to pay court-ordered child support in the amount of $148,000 as of June 2, 2015. The OAG requested confirmation of the arrearage and modification of the divorce decree. A certified copy of the Final Judgment of Divorce from the State of Louisiana was attached to the OAG's motion.

On September 30, 2016, the OAG filed a Motion for Enforcement under the Uniform Interstate Family Support Act (UIFSA) seeking registration of the Louisiana divorce judgment in Texas. *See* Tex. Fam. Code Ann. § 159.101 et. seq. On November 12, 2015, Flowers was personally served with the Notice of Registration of Foreign Support Order, which notified the parties that "[a] hearing to contest the validity or enforcement of the registered order must be requested within 20 days after the date of personal service of this notice."

On December 3, 2015, Flowers filed an "Answer to Notice of Registration of Foreign Support Order, Motion to Confirm Arreage [sic], and Suit for Modification of Support Order." Flowers's answer denied the existence of a child support arrearage but did not request a hearing to contest the validity or enforcement of the Louisiana judgment.

On April 17, 2018,[1] the associate judge signed an order confirming child support arrearage in the amount of $147,999.92 owed by Flowers as of March 8, 2018. Flowers requested de novo review of the associate judge's ruling by the

---

[1] In the intervening years Flowers sought and received a continuance of the Texas action while he filed a challenge to the Louisiana court's jurisdiction over the 2006 divorce in Louisiana.

referring court. *See generally* Tex. Fam. Code Ann. § 201.015.

After a de novo hearing, the trial court made the following findings of fact:

- The Court has jurisdiction over the parties and the matter made the subject of this suit.

- On August 6, 2006, a Final Judgment of Divorce from Orleans Parish, Louisiana, Docket No. 06-6598, styled In the Marriage of Ila L. Flowers and Kenneth L. Flowers, and in the Interest of [K.F.] and [K.F.], Children (hereinafter the "Divorce Decree" or the "Foreign Support Order") was signed. As part of the Divorce Decree, Kenneth Flowers was ordered to pay child support in the amount of $1,000/month, beginning March 1, 2003 and monthly thereafter.

- On September 22, 2015, a Notice of Registration of Foreign Support Order was filed in the 311th District Court, with the Divorce Decree attached thereto. The Notice of Registration of Foreign Support Order notified the parties that "[a] hearing to contest the validity or enforcement of the registered order must be requested within 20 days after the date of personal service of this notice."

- On September 22, 2015, the Texas OAG filed a Motion to Confirm Support Arrearage and Suit for Modification of [the Louisiana] Support Order was filed in the 311th District Court.

- On November 12, 2015, Kenneth Flowers was personally served with the Notice of Registration of Foreign Support Order, Motion to Confirm Support Arrearage and Suit for Modification of Support Order.

- On December 3, 2015, Kenneth Flowers filed an Answer to Notice of Registration of Foreign Support Order, Motion to Confirm Arrearage and Suit for Modification of Support Order.

- On November 3, 2016, the OAG filed a 1st Amended Motion to Confirm Support Arrearage and Suit for Modification of Support Order and to Confirm Un-Reimbursed Medical Expenses.

- On March 19, 2018, the 311th District Court, Associate Judge Diane Guariglia presiding, heard a Final Trial on a Petition to Confirm Child Support Arrears. Thomas Singleton appeared at

3

trial on behalf of the OAG. Respondents, Kenneth Flowers (Obligor) and Ila Flowers (Obligee) appeared pro se. At the conclusion of the trial, the Associate Judge found and confirmed that Kenneth Flowers was in arrears in the amount of $147,992.92 as of March 8, 2018, granted a Judgment in favor of the OAG and against Kenneth Flowers in the amount of $147,992.92, and ordered Kenneth Flowers to pay $750/mo., beginning on the first day of April 2018, and on the first day of each month thereafter until paid in full.

- On March 22, 2018, newly-retained counsel for Respondent, Kenneth Flowers, filed a Notice of De Novo Appeal from the Associate Judge's ruling.

- On April 17, 2018, the Court signed the Order Confirming Child Support Arrears based on the Associate Judge's rendition.

- On May 2, 4, and 14, 2018, the 311th District Court, Judge Alicia York Presiding, heard the Final Trial de novo. Thomas Singleton appeared at trial on behalf of the OAG. Carl Selesky appeared on behalf of Respondent, Kenneth Flowers (Obligor), and Ila Flowers (Obligee) appeared pro se.

- During the Final Trial, the OAG submitted documentary evidence in the form of the OAG Pay Record, that the Obligee adopted as a shorthand rendition of her testimony, showing that as of April 13, 2018, Kenneth Flowers was in arrears in the amount of $147,615.30.

- The Court also heard, inter alia, uncontroverted evidence that Kenneth Flowers made four informal payments toward the arrearages, totaling $5,000.00.

The trial court made the following "rulings":

- No party filed a request for hearing to contest the validity or enforcement of the registered foreign order within **20 days** after notice, per Section 159.605(b)(2) of the Texas Family Code; in that Kenneth Flowers filed an "Answer" on the **21st day** after he was served with the Notice of Registration of Foreign Support Order, Motion to Confirm Support Arrearage and Suit for Modification of Support Order.

4

- Pursuant to [Family Code] Section 159.605(b)(3), "the failure to contest the validity or enforcement of the registered order in a timely manner will result in confirmation of the order and enforcement of the order and the alleged arrearages."

- It is, therefore, FOUND and CONFIRMED that Kenneth Flowers is in arrears in the amount of $142,615.30, as of May 14, 2018 (calculated as $147,615.30, less agreed credits in the amount of $5,000.00).

- A Judgment is GRANTED against Kenneth Flowers and in favor of the Attorney General of Texas in the amount of $142,615.30.

- It is ORDERED that Kenneth Flowers pay said child support judgment by paying $375.00 on 6/8/2018, $375.00 on 6/15/2018, and thereafter $750.00 each month, beginning July 1, 2018, and on the first day of each month thereafter until the arrearage is paid in full, or on the termination of current support for any child the subject of this suit.

- If Kenneth Flowers has not paid the judgment in full by the date his current child support obligation ends, he is ORDERED to pay the remainder of said judgment by paying $1,750.00 each month on or before the same day of each month until the arrearage is paid in full.

- It is further ORDERED that an Administrative Writ of Withholding shall issue by the OAG.

- All other and further relief not granted herein is DENIED.

(emphasis in original)

## ANALYSIS

In two issues Flowers challenges the trial court's judgment alleging the underlying Louisiana divorce judgment is void.

We review a trial court's confirmation of an arrearage amount for an abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Cline v. Cline*, 557 S.W.3d 810, 813 (Tex. App.—Houston [1st Dist.] 2018, no pet.). A trial court does not abuse its discretion as long as some evidence of a substantive and probative

character exists to support the trial court's decision. *In re C.A.M.M.*, 243 S.W.3d 211, 214 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). However, a trial court's failure to analyze or apply the law correctly constitutes an abuse of discretion. *Hardin v. Hardin*, 161 S.W.3d 14, 19 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

Although a record was made of the trial before the referring court Flowers has not filed a reporter's record of the trial in this court. When an appellant does not file a reporter's record the court of appeals will assume the trial court heard sufficient evidence to make all necessary findings in support of the judgment. *Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 251 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). Because there is no record of the de novo hearing before the trial court, in our analysis, we must assume the missing record contains sufficient evidence to support the trial court's judgment and findings. *Hebisen v. Clear Creek Indep. Sch. Dist.*, 217 S.W.3d 527, 536 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

Section 159.607 of the Family Code provides defenses to registration of a foreign order in Texas Family Courts:

> (a) A party contesting the validity or enforcement of a registered order or seeking to vacate the registration has the burden of proving one or more of the following defenses:
>
> (1) the issuing tribunal lacked personal jurisdiction over the contesting party;
>
> (2) the order was obtained by fraud;
>
> (3) the order has been vacated, suspended, or modified by a later order;
>
> (4) the issuing tribunal has stayed the order pending appeal;
>
> (5) there is a defense under the law of this state to the remedy sought;
>
> (6) full or partial payment has been made; or
>
> (7) the statute of limitation under Section 159.604 precludes

6

enforcement of some or all of the arrearages.

Tex. Fam. Code Ann. § 159.607.

The OAG filed its notice of registration of the Louisiana support order pursuant to Subchapter G of the Texas Family Code and Flowers received notice on November 12, 2015. In order to contest the validity or enforcement of the Louisiana support order and assert his defense that the underlying order was void, Flowers was, pursuant to Sections 159.605 and 159.606, required to request a hearing within 20 days after notice of the registration. The record reflects that Flowers did not comply with this requirement, and the order of arrearage was confirmed by operation of law. *See* Tex. Fam. Code Ann. § 159.606(b); *Glass v. Williamson*, 137 S.W.3d 114, 119 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (holding that failure to comply with Family Code section permitting defenses to be raised results in confirmation of arrearage by operation of law).

In Flowers's brief on appeal he argues "the 2006 Final Judgment of Divorce is null and void by operation of law by virtue of being rendered in a parish of improper venue in direct violation of La. C.C.P. Art. 3941." *See* La. Code Civ. Proc. Ann. art. 3941 ("An action for an annulment of marriage or for a divorce shall be brought in a parish where either party is domiciled, or in the parish of the last matrimonial domicile.").

Because the Louisiana judgment was confirmed by operation of law, we may not consider Flowers's arguments about the original divorce judgment. *See Glass*, 137 S.W.3d at 119. Moreover, even if we could consider Flowers's arguments, because we have no record of the trial de novo, we must assume any evidence presented supports the trial court's judgment. The Louisiana judgment was confirmed by operation of law because Flowers failed to comply with Sections 159.605 and 159.606 of the Texas Family Code. Flowers's failure precluded him

from raising a defense under Section 159.607. *See* Tex. Fam. Code Ann. § 159.606(b).

## CONCLUSION

We overrule Flowers's issues on appeal and affirm the trial court's judgment.


/s/ Jerry Zimmerer
   Justice


Panel consists of Justices Jewell, Bourliot, and Zimmerer.